### 66864, 67197. BARNES v. THE STATE.

BANKE, Judge.
Henry Lee Barnes and Jack Upshaw were convicted of delivering cocaine in violation of the Controlled Substances Act. Barnes filed a pro se appeal, contending in effect that the evidence was insufficient to support the jury's verdict. He was subsequently appointed an appellate counsel, who filed a separate appeal, enumerating as error the admission of testimony as to the street value of the substance.

The cocaine was recovered from under the driver's seat of a green Cadillac which Barnes had borrowed earlier the same day from a female with whom he lived. Two undercover detectives, who testified that they had negotiated the purchase with Upshaw previously that day, testified that when they met Upshaw at a service station to take delivery, Barnes was present and that when one of the officers expressed concern over him, Upshaw referred to Barnes as "my man, he's cool." When the officers made their move to arrest Upshaw, Barnes was observed walking quickly from the service

station to a restaurant across the street, where he was arrested. *Held:*

1. The trial court properly instructed the jury on all relevant issues, including parties to a crime. See OCGA §§ 16-2-20, 16-2-21 (Code Ann. §§ 26-801, 26-802). The trial court also instructed the jury that mere presence at the scene of a crime and knowledge of the commission of a crime are not in and of themselves sufficient to establish guilt. See *Parker v. State,* 155 Ga. App. 617 (2) (271 SE2d 871) (1980). We find that there was sufficient circumstantial evidence upon which a rational trier of fact could find Barnes guilty beyond reasonable doubt of being a party to the crime of delivering cocaine. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. According to the undercover detectives, the agreed purchase price was $28,000 for a pound of cocaine. A forensic chemist employed by the State Crime Laboratory testified that the cocaine seized weighed 416 grams, or about 14.6 ounces, and that it was 79 percent pure. He further testified over objection by Upshaw that the substance normally would be diluted until the content was between 5 and 10 percent pure and, based on a purchase price of $120 per gram, arrived at a total street value of $798,720. Barnes raised no objection to this testimony at trial but now contends that it should have been excluded on the ground that its prejudicial effect substantially outweighed any probative value.

It is well established that appellate courts may not consider objections to evidence not raised at trial. See *Marable v. State,* 247 Ga. 509 (1) (277 SE2d 52) (1981); *Chester v. State,* 162 Ga. App. 10 (4) (290 SE2d 117) (1982). "If several parties are entitled to make an objection, and it is made by any number less than all, it does not inure to the advantage of the party or parties not joining in it." 4 CJS 769, Appeal & Error, § 251. Thus, where a defendant does not expressly adopt the objection of a co-defendant, he thereby waives that objection and may not utilize it to gain review. See State v. Carriker, 238 SE2d 678 (2) (S. C. 1977); Johnson v. State, 348 S2d 646 (1) (Fla. 3d DCA 1977). In the instant case Barnes waived any objection by failing to adopt the objection of Upshaw. However, even had the issue been properly preserved for appeal, the enumeration of error would be without merit, for the evidence was relevant and admissible to show criminal intent and state of mind. See *Chester v. State,* supra; *Williams v. State,* 129 Ga. App. 103 (3) (198 SE2d 683) (1973). The testimony was also admissible as evidence of the circumstances and conditions surrounding the investigation and arrest. See generally *Stephens v. State,* 157 Ga. App. 414 (2) (278 SE2d 70) (1981); *Hamilton v. State,* 162 Ga. App. 116 (3) (290 SE2d

478) (1982).
 *Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 21, 1983.

Henry Lee Barnes, *pro se* (case no. 66864).
*Christine A. Van Dross,* for appellant (case no. 67197).
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Howard Goldstein, Assistant District Attorneys,* for appellee.