44649. THO VAN HUYNH v. THE STATE.
(359 SE2d 667)

MARSHALL, Chief Justice.

Tho Van Huynh (Tho) appeals from his conviction of the malice murder and armed robbery of Ca Nguyen, for which he was sentenced to two consecutive life-imprisonment terms.[1] The sole enumerated er-

---

[1] The crimes were committed on December 20, 1985, and the defendant was convicted on October 17, 1986. A direct notice of appeal from the convictions was filed on October 22, 1986. On November 17, 1986, the defendant filed a motion for new trial on the general grounds. On November 24, 1986, he amended his motion for new trial to include the ground of newly-discovered evidence. The transcript of evidence was certified on December 30, 1986, and filed on January 23, 1987. The trial court held that it could not pass on the general

ror is the alleged insufficiency of the evidence to authorize the conviction. We affirm.

Evidence was adduced at the trial to the following effect. The victim, Ca Nguyen (Ca), was a Vietnamese immigrant who fled his homeland on a homemade raft after the Communists overthrew the government of South Vietnam. Ca came to the United States and settled in Gainesville, Ga. He was industrious, and worked at several jobs in hope of someday accumulating enough wealth so that he could obtain the release of his family he had left behind, by bribing the appropriate Vietnamese government officials or by buying a boat to attempt a rescue.

Several days prior to his death, Ca withdrew, in denomination of $100 bills, the $12,497.60 he had saved with the intention of celebrating Christmas with friends in Seattle, Wash., and planning his family's escape.

At around 2:30 p.m. on December 20, 1985, co-defendants Sam Van Ngo (Sam) and Hong Binh Thai (Hong), a juvenile, met the appellant at his house to celebrate his birthday. The three of them left the party together at 4:00 p.m. after the appellant informed his girl friend, Tammy Bennett, that he was taking Sam to the Atlanta Airport for a flight. Sam already had his luggage in his possession.

However, prior to going to the Atlanta Airport, the three co-defendants stopped at Ca's house. Ca was shot once in the head as he lay on the sofa, in an execution-style murder by Sam, with a gun of the same model and caliber that the appellant owned. The appellant was present when the victim was murdered. Ca was subsequently robbed of his $12,497.60. The appellant got into his automobile, started the engine, and waited for his accomplices, co-defendants Sam and Hong, to carry the victim's body out of the house. Ca's body was placed inside the appellant's automobile, and the appellant drove the body and his two co-defendants to a location in Forsyth County. Hong and Sam disposed of Ca's body by hiding it in a wooded area. Sam was subsequently driven to the Atlanta Airport, where he gave Hong and the appellant $4,000 of the proceeds from the armed robbery.

The bloodied sofa was discovered within six hours of the shooting. A Hall County deputy questioned the appellant as to the location

grounds because the previously filed notice of appeal had divested the court of jurisdiction, but construed the motion for new trial as amended as an extraordinary motion for new trial on the ground of newly-discovered evidence, of which it did have jurisdiction notwithstanding the previous filing of the notice of appeal. On January 13, 1987, the trial court granted the extraordinary motion for new trial. On March 20, 1987, this Court dismissed the state's appeal from the order granting a new trial, for failure to comply with OCGA § 5-6-34 (b). *State v. Tho Van Huynh*, Case No. 44347. The record was docketed here on May 6, 1987, and after briefs were filed, the case was submitted on June 19, 1987, without oral argument.

of either Sam or Ca, but he denied any knowledge of their whereabouts.

The appellant fled from this jurisdiction two days later, and was captured by law-enforcement officers in Fremont, Cal., on January 8, 1986. He had in his possession 31 $100 bills at the time of his arrest. Co-defendant Hong was also apprehended on that day in Fremont, and was found in possession of $1,083, being comprised of ten $100 bills and assorted smaller bills. The appellant's automobile was impounded and searched, and the Fremont police recovered $750 in bills and receipts accumulated during the flight from Georgia, and they seized the rear car seat, which had been sprayed with red paint to cover blood stains of the deceased's.

Co-defendant Sam pleaded guilty to the offenses of malice murder and armed robbery on November 17, 1986, and was sentenced to two consecutive life-imprisonment terms.

"Under OCGA § 16-2-20, participants to a crime may be convicted of a crime even though they are not the actual perpetrator. 'It matters not whether it was the appellant or (his accomplice) who actually fired the gun during the robbery which resulted in [Ca's] death. The act of one was the act of the other in the commission of the armed robbery and the ensuing death which resulted therefrom.' *Strong v. State*, 232 Ga. 294, 298 (206 SE2d 461) (1974). Accord *Cargill v. State*, 256 Ga. 252 (1) (347 SE2d 559) (1986)." *Lobdell v. State*, 256 Ga. 769, 771 (353 SE2d 799) (1987). Although the appellant here was not the triggerman, there was evidence which authorized findings that he was present with the triggerman for over two hours prior to the murder; that he drove the triggerman to the victim's house; that he was present in the room when the victim was shot; that the victim was shot with a gun of the same model and caliber that the appellant owned; and that the appellant destroyed evidence, assisted in the disposal of the decedent's body, fled from the jurisdiction where the crimes were committed, reaped benefits from the armed robbery, and at no time made any attempt to disassociate himself from the criminal enterprise. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of the crimes of which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1987.

*G. Hammond Law III*, for appellant.
*Andrew C. Fuller, District Attorney, Michael J. Bowers, Attor-*

*ney General,* for appellee.