## 46033. VAN HUYNH v. THE STATE.
(373 SE2d 502)

Clarke, Presiding Justice.

Appellant was convicted of malice murder, felony murder, and armed robbery and sentenced to consecutive life sentences for malice murder and armed robbery.[1] Appellant and Hong Binh Thai accompanied Sam Van Ngo to his apartment in Gainesville, Georgia. The victim, Ca Nguyen, lived with Sam Van Ngo and was watching television in the apartment. Soon after their arrival Sam Van Ngo shot the victim with a .25 caliber automatic weapon of the same model and caliber as one owned by appellant. Hong Binh Thai assisted him in putting the body into the car and in disposing of it in the woods. Appellant drove the car on the trip to dispose of the body. Over twelve thousand dollars which the victim had withdrawn from a savings account was taken from his body by Hong Binh Thai during the drive to the woods. After disposing of the body they drove to a lake where Sam Van Ngo and Hong Binh Thai threw away the murder weapon and washed their hands. Then they returned to Gainesville where the appellant stayed in the apartment which he shared with Hong Binh Thai while Hong Binh Thai drove Sam Van Ngo to the Atlanta airport. When Hong Binh Thai returned to Gainesville he gave appellant two thousand dollars, half of what Sam Van Ngo had given him of the stolen money. Appellant was arrested in California some two weeks after the crimes. At the time of his arrest he had thirteen one hundred dollar bills on his person.

1. In his first enumeration of error appellant contends that the evidence was insufficient to convict him of murder and armed robbery. He insists that he had no knowledge of a plan to murder and rob the victim and that his help in disposing of the body and in driving Sam Van Ngo to the airport was given under duress. However, there was evidence from which the jury could have concluded that he was a participant in a criminal enterprise which included the murder and robbery of the victim. A person who is a party to the crime as defined by OCGA § 16-2-20 may be found guilty of the crime even though not the actual perpetrator. *Satterfield v. State*, 256 Ga. 593 (351 SE2d 625) (1987); *Cargill v. State*, 256 Ga. 252 (347 SE2d 559)

---

[1] The crimes were committed December 20, 1985, and defendant was convicted October 17, 1986. On January 13, 1987, after a notice of appeal had already been filed, the trial court granted an extraordinary motion for new trial. The original conviction was affirmed in *Tho Van Huynh v. State*, 257 Ga. 375 (359 SE2d 667) (1987). Appellant was retried November 16-20, 1987. He was convicted of felony murder, malice murder, and armed robbery and sentenced to consecutive life sentences for malice murder and armed robbery on November 20, 1987. The notice of appeal was filed December 2, 1987. The transcript was certified July 15, 1988, and the case was docketed in this court July 22, 1988. The appeal was submitted for opinion September 2, 1988.

(1986). Considering the evidence in the light most favorable to the prosecution, it was sufficient to convince *any* rational trier of fact of the elements of the crimes beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This is true even though appellant was not the triggerman.

2. Appellant contends that the court erred in failing to grant his motion to suppress the money which was found by California police on appellant's person. The court dismissed the motion as untimely because it was not filed until November 16, 1987, the day of his trial. Uniform Superior Court Rule 31.1 requires that all motions be filed at or before arraignment unless the time is extended by the judge. Further, OCGA § 17-5-30 has been interpreted by this court as requiring that motions be filed by the time of arraignment. *Waller v. State*, 251 Ga. 124 (303 SE2d 437) (1983), rev'd on other grounds in *Waller v. Georgia*, 467 U. S. 39 (1984); *Lazarz v. State*, 187 Ga. App. 107 (369 SE2d 355) (1988). Therefore, this enumeration is without merit.

3. The appellant's final enumeration of error is that since he was not found guilty of felony murder in his first trial, he has been subjected to double jeopardy. He is correct in this contention. However, since he was sentenced only for malice murder and armed robbery, the sentence may stand even though the conviction for felony murder must be reversed.

*Judgment reversed as to felony murder, affirmed as to malice murder, armed robbery, and the sentence. All the Justices concur.*

DECIDED NOVEMBER 9, 1988.

*Whitmer & Law, G. Hammond Law III*, for appellant.
*C. Andrew Fuller*, District Attorney, *Michael J. Bowers*, Attorney General, *Andrew S. Ree*, for appellee.