## S90A0579. BARNES v. THE STATE.
(396 SE2d 207)

Hunt, Justice.

Bill Barnes was convicted by a jury of the murder of Michael Herring and sentenced to life imprisonment.[1] He appeals, enumerating as error the trial court's denial of his motion for a directed verdict, the admission of his statements into evidence, and the trial court's failure to charge the jury on the state's burden of proving the corpus delicti.

The defendant, nineteen years old, and his uncle, the victim, twenty-one years old, had been reared together by the defendant's mother. The evening before the murder, the two men had driven around with various friends, drinking and sharing drugs. They stopped in a club where the victim and another friend, Randy Lamb, got in a scuffle. The defendant, victim, and some of their friends went to visit another friend at his trailer where the defendant several times stated he wanted to kill the victim. Subsequently, the victim got into a fight and struck the back of his head on a concrete driveway. After he recovered, he and the defendant, who were highly intoxicated, and other friends, drove around and the defendant asked one of the group

---

[1] The crime was committed on June 17, 1989 and the defendant was indicted in the September 1989 term of the Putnam County Grand Jury. He was tried, convicted and sentenced on November 28, 1989. His notice of appeal was filed December 20, 1989. The transcript was certified on January 16, 1990 and filed in this court on January 31, 1990. The case was orally argued on April 9, 1990.

if she would help him kill the victim. (She refused.) Thereafter, the defendant and Lamb drove to Lamb's house while the victim was unconscious in the back seat of the car. Lamb complained to the defendant that he was sore from his scuffle with the victim, and said he should have killed the victim. The defendant responded it was not too late to do so, and the two drove the car with the victim still in it to a deserted well. After the defendant shot the victim in the head, he and Lamb put the body in the well and covered it with garbage. A week later the defendant told another friend he had killed the victim. The body was found twelve days after the murder, and the defendant was arrested and confessed to the murder. At trial, the pathologist who had examined the victim's body stated his opinion that the victim died from the gunshot wound to the head.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. We find no merit to the defendant's contention that the trial court's denial of his motion for a directed verdict and admission of his statements into evidence violated OCGA § 24-3-53, which prohibits a conviction based upon a confession uncorroborated by other evidence. The defendant cites *Grimes v. State*, 204 Ga. 854, 859 (51 SE2d 797) (1949), and *Carswell v. State*, 179 Ga. App. 56 (345 SE2d 66) (1986), for the correct rule that the defendant's confession cannot establish the corpus delicti, which must be proved beyond a reasonable doubt, independently of the confession. Unlike those cases, there is ample evidence in this record, independent of the defendant's confession, to show the crime was committed by the direct criminal agency of some person. The trial court did not err in admitting into evidence the defendant's statements, the material portions of which were corroborated by other testimony at trial. *Cunningham v. State*, 248 Ga. 835, 836 (3) (286 SE2d 427) (1982).

3. Contrary to the defendant's contention, the trial court properly charged the jury on OCGA § 24-3-53. The defendant's claim that the trial court erred by failing to charge the jury on the state's burden of proving the corpus delicti is also meritless. The defendant filed no such written request to charge and it was not error to deny his oral request. *Kendrick v. Kendrick*, 218 Ga. 460, 461 (2) (128 SE2d 496) (1962). Moreover, the subject of the defendant's oral request regarding the state's burden of proving the corpus delicti was fully satisfied by the trial court's charge regarding the presumption of the defendant's innocence and the state's burden of proving all elements of the crime.

*Judgment affirmed. All the Justices concur, except Weltner, J.,*

*not participating.*

DECIDED SEPTEMBER 26, 1990.

*Martin L. Fierman,* for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.