S90A0669. LAMB v. THE STATE.
(396 SE2d 232)

SMITH, Presiding Justice.

The appellant, Randy Lamb, was sentenced to life imprisonment for the murder of Michael Herring. We affirm.[1]

---

[1] The crime was committed on June 17, 1989. The Putnam County jury returned its verdict of guilty on November 29, 1989. The Notice of Appeal was filed on December 28, 1989. The transcript of evidence was filed on February 16, 1990. The record was docketed in this Court on February 22, 1990. The case was argued on April 16, 1990. Bill Barnes' appeal styled *Barnes v. State*, 260 Ga. 398 (396 SE2d 207) (1990), was decided September 26, 1990.

Appellant Lamb, Bill Barnes, Michael Herring, and several others were drinking on the night of June 16, 1989. During the night, the appellant lost a fight with Michael Herring, and Bill Barnes told several people that he, Bill Barnes, was going to kill Michael Herring. Mr. Barnes testified that sometime early the next morning, the appellant said: "We should have killed (Michael)." Consequently, the appellant drove Mr. Barnes and the victim, who had passed out, to Mr. Barnes' home where he obtained a handgun. When Mr. Barnes returned to the car, he took the gun out of its holster, placed the holster on the dash, and put the gun in his lap. Mr. Barnes then directed the appellant to drive down a dirt road and stop. After stopping the car, the appellant pushed the victim out of the car onto the ground and Mr. Barnes shot the victim in the head killing him. The two men then dragged the victim's body to an abandoned well where they dropped it. They temporarily left the crime scene, collected some trash, returned, and attempted to conceal the victim's body with the trash.

When the appellant testified, he admitted that he fought with the victim the night before the murder and that he had heard Mr. Barnes talk about killing the victim. He also conceded that he "might have said" "let's go kill (Michael)" but that he was too drunk to remember saying it. His testimony regarding driving to Mr. Barnes' home, driving to the dirt road, pushing the victim from the car, and helping dispose of the body was similar to the testimony of Mr. Barnes. However, the appellant testified that he did not know that Mr. Barnes had obtained a gun or that he was going to kill the victim.

A State's witness, in rebuttal, offered conflicting testimony as to the appellant's knowledge of the murder weapon, but testified that the appellant had told him that if they had not "done it, somebody else would have."

Expert medical testimony indicated that the victim died as the result of a gunshot wound to the head.

1. The evidence was sufficient to allow the jury to find the appellant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant asserts that the trial court erred in admitting, over objection, the uncorroborated testimony of accomplice Barnes.

Mr. Barnes' testimony was corroborated by the State's rebuttal witness, and the appellant. Furthermore, the appellant's conduct before and after the murder gives rise to an inference that he participated in the murder, and the trial court did not err in ruling that there was sufficient corroboration. *Berry v. State*, 248 Ga. 430, 432 (283 SE2d 888) (1981). The jury was not required to believe that the appellant was an unwitting participant in the murder. Id.

3. The appellant asserts in his three remaining enumerations of error that the trial court erred in failing to give requested instruc-

tions.

(a) The trial court did not err in refusing to give the jury a charge on involuntary manslaughter. OCGA § 16-5-3 (a) (b).

(b) Because the appellant was indicted for murder, the trial court did not err refusing to charge on the independent crimes of concealing the death of the victim, OCGA § 16-10-31, or tampering with the evidence, OCGA § 16-10-94.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 4, 1990.

*Lawrence & Ford, Francis N. Ford,* for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree,* for appellee.