S90A1641. GEORGE v. THE STATE.
S90A1680. PHELPS v. THE STATE.
(400 SE2d 911)

BENHAM, Justice.

Appellants were jointly tried for and convicted of the malice murder of Gene Ray Jarrett, Jr.; the aggravated assault of his brother; and possession of a firearm during the commission of a felony.[1]

The State presented evidence that the decedent was shot with a .30-30 Winchester rifle as the two victims closed their family-owned liquor store around midnight on March 26, 1988. The surviving victim identified appellant Phelps as one of the two men involved in the shooting. Other witnesses testified that appellant George had a .30-30 Winchester rifle on the afternoon of March 26 and that George told people on March 27 that he and Phelps had planned to rob the liquor store and that Phelps had killed the two men working there. Prior to his arrest, George told police he knew about the murder and gave a detailed description of the weapon used, the number of shots fired, and the wounds suffered. The evidence was sufficient to authorize the jury to find both men guilty of malice murder, aggravated assault, and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lobdell v. State*, 256 Ga. 769 (7) (353 SE2d 799) (1987); OCGA § 16-2-20.

1. George seeks review of the denial of his motion in limine to exclude from evidence a statement he gave the investigating detective one month after the crimes were committed. George maintains his statement should be suppressed because it was not preceded by a reading of his *Miranda* rights.

Following a *Jackson-Denno* hearing in which it was adduced that George had made several telephone calls to police in which he alluded to his knowledge regarding the murder and suggested a time and location to meet the investigating officer in order to give a written state-

---

[1] The crimes were committed shortly after midnight on March 27, 1988. Appellants were tried May 22-26, 1989, and were sentenced to life imprisonment for malice murder, followed by 20 years' imprisonment for aggravated assault and five years for possession of a firearm during the commission of a felony. Appellants' amended motions for new trial were denied on June 1, 1990, and their notices of appeal were filed June 29. George's appeal was docketed in this court on September 14 and was orally argued November 14; Phelps' appeal was docketed on September 26 and submitted for decision November 9, 1990.

ment, the trial court ruled that *Miranda* rights were not necessary inasmuch as George was neither in custody nor the focus of the investigation at the time he made his statement. *Lobdell v. State*, supra, Div. 6; *Boutwell v. State*, 256 Ga. 63 (6) (344 SE2d 222) (1986). The trial court's finding of fact regarding the voluntariness of the statement is upheld on appeal since it was not clearly erroneous. *Cannon v. State*, 257 Ga. 475 (2) (360 SE2d 592) (1987).

2. Appellant Phelps protests the admission of George's statement into evidence on the ground that it was not properly redacted. See *Bruton v. United States*, 319 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968). George's statement was neither offered nor admitted into evidence; instead, the investigating officer testified to the details of the crimes as related to him by George. See *Mock v. State,* 163 Ga. App. 319 (294 SE2d 361) (1982). No reference to Phelps was elicited from the officer, although he did note, without elaboration, that George made "a certain identification" for him. The officer's testimony did not violate the rule set forth in *Bruton*, supra.

3. Both appellants contend the denial of their motions to sever their trials was error. Upon review of the evidence, we conclude that the trial court did not abuse its discretion in denying the motions to sever. *Harrell v. State*, 253 Ga. 474 (2) (321 SE2d 739) (1984).

4. Appellant George maintains the trial court should have granted a mistrial sua sponte pursuant to OCGA § 17-8-75 when, in her closing argument, the prosecuting attorney allegedly commented on George's decision not to testify by addressing the jury as if she were George, and allegedly injected George's character into evidence by the statements she then made to the effect that George was "cocky."

> The code section in question is designed to prohibit counsel from stating prejudicial facts which are not in evidence. [Cit.] However, it is permissible for counsel to draw deductions from the evidence regardless of how illogical or unreasonable, and this is a "matter for reply by adverse counsel, not for rebuke [or mistrial] by the court." [Cit.] [*Adams v. State*, 260 Ga. 298, 299 (392 SE2d 866) (1990).]

The remarks made by the prosecuting attorney were logically inferable from the evidence presented. The presentation of the inferences as if they were coming from George did not amount to an impermissible comment upon his decision not to testify.

5. (a) Both appellants contend the trial court erred when it instructed the jury that if they should find beyond a reasonable doubt "that the defendants or either of them . . . did . . . commit the offenses, . . . [the jury] would be authorized to find the defendants

guilty." Phelps contends that the trial court's error in giving such a charge was compounded by the failure to instruct the jury that the conviction of one defendant did not necessitate the conviction of the other. See *Lanzo v. State*, 187 Ga. App. 616 (4) (371 SE2d 119) (1988); *Scott v. State*, 182 Ga. App. 844 (1) (357 SE2d 297) (1987); *Porter v. State*, 182 Ga. App. 624 (1) (356 SE2d 703) (1987). A careful review of the record shows that the criticized instruction was given as the trial court prepared to explain the verdict form and the jury's duty to come to a separate and independent verdict as to each defendant on each of the six counts. While the better practice would be for the trial court to give a separate instruction detailing the jury's duty to consider each charge in the indictment against each defendant separately and reminding the jury that the guilt of one defendant did not require the return of a similar verdict against the co-defendant (see *Johnson v. State*, 232 Ga. 61 (6) (205 SE2d 190) (1974); *Cordova v. State*, 191 Ga. App. 297 (381 SE2d 436) (1989)), the trial court's instructions as a whole, especially that portion concerning the need for 12 separate and independent verdicts and the acceptability of a mixture of guilty and not guilty verdicts, adequately covered the area. The trial court sufficiently explained its use of the plural form of "defendant," and the charge as a whole was complete and accurate and did not lead to confusion.

(b) Phelps' enumerated error concerning the charge on the admission of evidence of a similar transaction against George is without merit. When the evidence was admitted, the trial court twice reminded the jury that it was to consider the evidence only against George and not against Phelps.

(c) Appellants' assertions that the trial court impermissibly commented on their guilt by instructing the jury that punishment and multiple convictions were not their concern are without merit. *Wilson v. State*, 233 Ga. 479 (8) (211 SE2d 757) (1975); *Sanborn v. State*, 176 Ga. App. 259 (4) (335 SE2d 719) (1985).

6. After publication of the guilty verdicts, the trial court polled the jury at appellants' request.[2] Inasmuch as neither appellant imposed any objection to any aspect of the poll, we have no basis for further review. *Tucker v. State*, 252 Ga. 263 (349 SE2d 172) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991.

*James B. Sullivan,* for appellant (case no. S90A1641).

---

[2] The questions propounded to each juror by the trial court were found to meet the minimum requirements of a defendant's right to a poll of the jurors in *Burnett v. State*, 240 Ga. 681 (11) (242 SE2d 79) (1978).

*J. Robert Joiner*, for appellant (case no. S90A1680).

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Mary H. Hines*, for appellee.