## S92A0507. SANDS v. THE STATE.
### (418 SE2d 55)

FLETCHER, Justice.

Robin M. Sands was indicted with Darrell Rodencal for the malice murder, felony murder, and armed robbery of Troy Lawson and theft of his vehicle. The evidence shows that Lawson was hit on the back and front of the head, dragged 175 feet over rocks from a railroad trestle, and hidden in the woods next to a creek. His wallet was taken from his body and his truck driven to Wisconsin. The jury convicted Sands of felony murder, armed robbery, and theft. We affirm.[1]

1. Sands alleges there was insufficient evidence to support her convictions. She argues that the sole evidence of a robbery is her own statement which is uncorroborated by other evidence, her only role was as an after-the-fact lookout, and mere presence at the scene of a crime is insufficient to support a conviction.

Although an uncorroborated confession cannot support a conviction under OCGA § 24-3-53, corroboration of a confession in any particular satisfies the requirements of the statute. *Brown v. State,* 253 Ga. 363, 364 (320 SE2d 539) (1984). Trial testimony corroborated her claims that she was in Dalton and at the railroad trestle at the time of

---

[1] The crimes were committed on July 6, 1990, and Sands was indicted on July 16, 1990. On May 30, 1991, the jury convicted her and the judge sentenced her to life imprisonment for murder, life imprisonment for armed robbery, and 20 years for theft by taking. She filed a motion for a new trial on July 1, 1991, which was denied on November 15, 1991. Sands filed the notice of appeal on December 16, 1991. The case was docketed on January 27, 1992, and submitted for decision on briefs without oral argument on March 13, 1992.

the murder, Lawson was killed by being struck on the head with a tire iron and another instrument, and he was dragged from the trestle to the creek where he was found with his head resting on one arm. In addition, there was independent evidence that Sands and Rodencal fled to Wisconsin in Rodencal's car and Lawson's truck because police found Sands, Rodencal, and both vehicles in Wisconsin within ten days of the murder.

2. Participants to a crime may be convicted although they are not the actual perpetrator of the crime. *Tho Van Huynh v. State*, 257 Ga. 375, 377 (359 SE2d 667) (1987). "Mere presence at the scene is not sufficient to convict one of being a party to a crime," but criminal intent may be inferred from conduct before, during, and after the commission of the crime. *Jones v. State*, 242 Ga. 893 (252 SE2d 394) (1979).

Sands made several statements to police in which she admitted going with Rodencal to the trestle, knowing that he intended to take money from Lawson and might be planning to harm him. According to Sands, she watched Rodencal and a man named John strike Lawson on the head, acted as a lookout while they hid the body, and watched them count the money taken from Lawson. She assisted in the theft of the truck by driving Rodencal's car from the trestle and accompanied him to Wisconsin where they abandoned the truck and he disposed of other evidence of the crimes. She never attempted to disassociate herself from the crimes, despite stopping at a police station on the trip back to Wisconsin, and denied her identity when police first questioned her. A jury could infer from her conduct that Sands was a party to these crimes. OCGA § 16-2-20 (4).

Moreover, police investigators testified that she could not have seen the murder from sitting in the car, as she described in her first statement, due to tree limbs. The investigators also testified that weeds would have prevented her from knowing where Lawson's body was located and how it was positioned from her lookout spot. Finally, Rodencal said in a telephone conversation with Sands that he did not know why she was bringing John into the picture since John was only along for the ride. Viewing the evidence in the light most favorable to the jury's verdict, there was sufficient evidence for a jury to find Sands guilty beyond a reasonable doubt of all three crimes. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 16, 1992.

*Ralph M. Hinman III*, for appellant.

*Jack O. Partain III*, District Attorney, *Kermit N. McManus*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, Su-

san V. Boleyn, Senior Assistant Attorney General, Robert D. McCullers, Staff Attorney, for appellee.