S94A1524. ARLINE v. THE STATE.
(452 SE2d 115)

HUNSTEIN, Justice.

Herman Arline was convicted of the felony murder of Mark Findlay and sentenced to life imprisonment.[1] He appeals and we affirm.

1. Viewed to support the verdict, the evidence at trial established that appellant, accompanied by co-defendant Aric Allen, went to a Macon convenience store for the purpose of committing an armed robbery. Both appellant and Allen carried pistols; upon arriving at the store, Allen shot and killed the employee victim who was outside washing the store windows. Appellant then entered the store and attempted unsuccessfully to open the cash register. The evidence adduced was sufficient to enable a rational trier of fact to find appellant guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that a portion of his in-custody statement should not have been admitted because it was induced by hope of benefit. After turning himself in to the police, appellant was given *Miranda* warnings and was interrogated after waiving his rights. Although he admitted knowing Allen, he denied having recently been in Macon as well as any knowledge of the crimes. However, when confronted with the results of the ballistics tests and the fact that his girl friend was cooperating with the police, appellant admitted his participation in the attempted armed robbery. During the *Jackson-Denno* hearing, appellant testified that he was promised he would not be charged with murder because he was not the triggerman. The interrogating detectives testified that appellant was never so promised, although one of the detectives testified that he may have urged appel-

---

[1] The murder occurred on May 24, 1993. Arline was indicted with his co-defendant, Aric Allen, in Bibb County on January 4, 1994. Following his severed jury trial, he was found guilty of felony murder on February 22, 1994 and was sentenced the same day. His motion for a new trial was filed March 18, 1994 and denied April 27, 1994. His notice of appeal was filed May 26, 1994, and the appeal was docketed in this Court on July 5, 1994. It was submitted for decision without oral argument on August 29, 1994.

lant to tell the truth and told appellant that the trial court might consider that he was not the triggerman and that he cooperated with the police. The trial court ruled that appellant's statement was voluntary and that the hope of benefit, if any, was insufficient to taint the voluntariness of the statement. "[W]e have construed the 'slightest hope of benefit' as meaning the hope of a lighter sentence. [Cit.]" *Cooper v. State*, 256 Ga. 234, 235 (2) (347 SE2d 553) (1986). Merely telling a defendant that his or her cooperation will be made known to the prosecution does not constitute the "hope of benefit" sufficient to render a statement inadmissible under OCGA § 24-3-50. *Helton v. State*, 206 Ga. App. 600 (426 SE2d 172) (1992). It is the province of the trial court to weigh the credibility of the witnesses and unless clearly erroneous, its findings of fact will be upheld on appeal. *Caffo v. State*, 247 Ga. 751 (279 SE2d 678) (1981). The admission of appellant's statement was not error.

3. We have carefully reviewed appellant's remaining enumerations of error and have found them to be without merit.[2]

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 23, 1995.

*L. Elizabeth Lane*, for appellant.

*Charles H. Weston, District Attorney, Thomas J. Matthews, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.

---

[2] Arline also contends that the trial court erred by refusing to give his requested charges on OCGA §§ 16-5-2 (a) and 16-5-3 (a) and by admitting photographs of the victim which showed abrasions, completely unrelated to the fatal wound, sustained by the victim days prior to the murder.