S95A1406. NICHOLSON v. THE STATE.
(462 SE2d 144)

CARLEY, Justice.

Neville Nicholson and co-defendant Lebert Francis were tried before a jury and found guilty of two offenses: felony murder while in the commission of an aggravated assault; and, armed robbery. They filed separate notices of appeal and this is Nicholson's appeal from the judgment of conviction and life sentences entered by the trial court on the jury's guilty verdicts.[1]

---

[1] The crimes were committed on October 11, 1991 and the indictments were returned on

1. The victim was a drug dealer from whom Francis arranged to purchase marijuana. Nicholson and Francis borrowed a white Chevrolet to drive to the meeting with the victim. Both were armed. Later that evening, residents of an apartment complex heard gunshots in the parking lot and observed two men, one of whom was carrying a gun and a cellular phone, run to a white Chevrolet and drive away. One of these witnesses identified Nicholson from a photographic display and, at trial, identified Nicholson and Francis as the two men she saw fleeing the scene. Although the victim was armed and apparently shot at his assailants, he was fatally struck by three bullets. The bullets which killed the victim were identified as having been fired from a gun which was in Francis' possession on the night of the crimes. When Nicholson and Francis returned the borrowed white Chevrolet, it contained bullet holes and its back window was shot out. They had the victim's cellular phone in their possession and acknowledged to friends that they had been in a shootout. When Nicholson was arrested on an unrelated charge, he was in possession of a pager belonging to the victim. Nicholson offered an alibi defense. However, the State showed that there were fallacies and discrepancies in that defense.

Construing the evidence most strongly in favor of the State, it was sufficient to authorize a rational trier of fact to find proof of Nicholson's guilt of felony murder and armed robbery beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Nicholson urges that it was error to admit the identification testimony of the witness who saw the two fleeing men on the night of the crimes, the specific contention being that this testimony was the product of an impermissibly suggestive photographic display.

The witness identified one of the men as having braided hair and, of the six photographs shown to her, only Nicholson's was of an individual with braided hair. Assuming, without deciding, that this rendered the photographic display "suggestive," the suggestiveness of the identification procedure alone will not render the witness' pre-trial identification of Nicholson inadmissible. If, under the totality of the circumstances, there was no substantial likelihood of irreparable misidentification, the witness' pre-trial identification would be admissible notwithstanding any suggestiveness in the procedure itself. *Gravitt v. State*, 239 Ga. 709, 710 (4) (239 SE2d 149) (1977); *State v. Frye*, 205 Ga. App. 508, 509 (2) (422 SE2d 915) (1992). The factors to be consid-

January 24, 1992. The judgments of conviction and sentences were entered on June 5, 1992. The motion for new trial was filed on June 9, 1992 and denied on April 5, 1995. The notice of appeal was filed on May 4, 1995 and the appeal was docketed in this Court on June 22, 1995. The case was submitted for decision on July 24, 1995.

ered in evaluating the substantial likelihood of irreparable misidentification include: the opportunity of the witness to view the perpetrator at the time of the crime; the witness' degree of attention; the accuracy of the witness' prior description of the perpetrator; the level of certainty demonstrated by the witness at the time of identification; and, the length of time between the crime and the identification. *Gravitt v. State*, supra at 711 (4).

Here, the witness saw the two men for only a short time before they fled, but the area was well lit. She was standing no more than six to nine feet from them as they passed by her. The witness not only described the two men generally by height and age, she also gave a detailed description of their clothing and a specific description of their vehicle as being a white Chevrolet. When shown the photographic display, she unhesitatingly chose Nicholson's photograph within seconds. The identification procedure was conducted within 19 days of the crimes. Under the totality of these circumstances, there was no substantial likelihood of irreparable misidentification and testimony regarding the witness' pre-trial identification of Nicholson was properly admitted. *Yancey v. State*, 232 Ga. 167 (205 SE2d 282) (1974).

Since there was no substantial likelihood of irreparable misidentification resulting from the pre-trial identification procedure, it follows that the witness' in-court identification testimony was not tainted thereby and likewise was admissible. *Pittman v. State*, 149 Ga. App. 729 (4) (256 SE2d 67) (1979).

3. The trial court's charge contains mixed references to the "defendant" and to the "defendants." Citing the plural references to the "defendants," Nicholson urges that it was error for the trial court to fail to include an unrequested instruction that the conviction of one "defendant" would not necessarily require the conviction of the other "defendant." *Lanzo v. State*, 187 Ga. App. 616, 618 (4) (371 SE2d 119) (1988).

Since Nicholson and Francis were being tried jointly as parties to the crimes, it is understandable that the charge would contain references to the "defendants." In determining whether those references could have had the harmful effect that Nicholson ascribes to them, it is necessary to consider the entirety of the trial court's charge. *George v. State*, 260 Ga. 809, 810 (5) (a) (400 SE2d 911) (1991); *Coggeshall v. State*, 161 Ga. 259, 268 (8) (131 SE 57) (1925). Here, the trial court otherwise charged that it was for the jury to determine whether the evidence was sufficient to show beyond a reasonable doubt that *"the defendant or either of them"* was a party to the crimes. (Emphasis supplied.) The trial court then gave an extensive charge on "parties to a crime," which included a specific instruction that "mere association *by one* with other persons involved in the commission of a crime,

without more," would not authorize the jury "to find *such person* guilty" unless the evidence showed "beyond a reasonable doubt that *such person* aided or abetted in the actual perpetration of the crime or participated in a criminal endeavor." (Emphasis supplied.) If the jury followed these instructions, it could not have found Francis guilty and then found Nicholson guilty simply because of his association with the guilty co-defendant. If these instructions were followed, the guilty verdict against Nicholson could be based only upon a separate determination as to the sufficiency of the evidence to show his own guilt beyond a reasonable doubt. Moreover, the trial court instructed the jury that the verdict form itself provided for a separate determination of "guilty or not guilty for each defendant" and separate verdicts as to Nicholson and Francis were returned. Considering the charge as a whole, there was no error. *George v. State*, supra at 810 (5) (a); *Coggeshall v. State*, supra at 268 (8).

We hasten to add, however, that, although there was no reversible error in this case, we do not approve of the trial court's failure to include the unrequested charge. As we recognized in *George v. State*, supra at 811 (5) (a), when trying co-defendants, it is the "better practice" for a trial court to give a separate instruction which details the jury's duty to consider each charge in the indictment against each defendant separately and which reminds the jury that the guilt of one defendant does not require the return of a guilty verdict against the other defendant. The trial courts of this state are encouraged to follow this "better practice" when presiding over a trial involving multiple defendants since not every charge containing plural references to the "defendants," even when considered as a whole, will authorize a finding of no reversible error.

4. Nicholson urges that he was denied effective assistance of trial counsel. The specific contention is that, if trial counsel had conducted a more thorough investigation of the alibi defense, discrepancies therein would have been discovered and the impeachment of Nicholson and his alibi witnesses could have been avoided.

> The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. In particular, what investigation decisions are reasonable depends critically on such information. For example, when the facts that support a certain potential line of defense are generally known to counsel because of what the defendant has said, the need for further investigation may be considerably diminished or eliminated altogether.

*Strickland v. Washington*, 466 U. S. 668, 691 (III) (A) (104 SC 2052, 80 LE2d 674) (1984). Here, trial counsel presented the alibi defense which Nicholson discussed with him and which, after investigation, was corroborated by Nicholson's witnesses. Trial counsel is precluded from assisting his client in presenting perjured testimony. *Stephenson v. State*, 206 Ga. App. 273 (424 SE2d 816) (1992). However, trial counsel is not required to anticipate that his own client and corroborating witnesses have misled him. In light of the alibi asserted by Nicholson, which was corroborated by several witnesses interviewed by trial counsel, we cannot conclude that trial counsel was unreasonable in believing the alibi. Thus, counsel's failure to anticipate rebuttal witnesses was not unreasonable. *Mulligan v. Kemp*, 771 F2d 1436, 1443 (11th Cir. 1985). Any prejudice to the alibi defense was attributable to Nicholson and his corroborating witness, and not to the ineffectiveness of his trial counsel. *Mulligan v. Kemp*, supra at 1444, fn. 5.

5. When prior convictions of co-defendant Francis were introduced into evidence, Nicholson unsuccessfully moved for a mistrial or severance. However, the evidence did not implicate Nicholson directly and the trial court gave appropriate limiting instructions that the evidence could be considered only in regard to the co-defendant. *Hightower v. State*, 263 Ga. 375 (2) (434 SE2d 491) (1993). Thus, Nicholson has not shown that the evidence prejudiced his own case. *Jackson v. State*, 249 Ga. 751, 757 (6) (295 SE2d 53) (1982).

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 1995.

*W. Edward Nethery*, for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Thomas S. Clegg, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Richard J. Warren, Assistant Attorney General*, for appellee.