## S98A0406. WALSH v. THE STATE.
### (499 SE2d 332)

THOMPSON, Justice.

Via indictment, Jason William Walsh, Shayne Anthony Courson, Ronnie Jack Beasley, Jr., and Angela E. Crosby were charged with malice murder, armed robbery and theft by taking a motor vehicle, in connection with the death of Olin Miller. The State sought the death penalty against Beasley and Crosby and they were tried separately. Walsh and Courson were tried jointly, and both were convicted and sentenced for felony murder, predicated on the underlying felony of armed robbery, and theft by taking a motor vehicle.[1] Following the denial of his motion for a new trial, Walsh appeals.[2] We find no error and affirm.

1. Walsh asserts the evidence is insufficient to show beyond a reasonable doubt that he is guilty of the crimes for which he was convicted. More specifically, he argues that the evidence shows nothing more than his presence at the scene of the crimes.

The prosecution sufficiently proved that the victim's death was a homicide — the result of blunt force trauma to the head and asphyxiation — and that his truck was stolen. The only question is whether

---

[1] The crimes were committed in Toombs County on March 18, 1995, and defendant was indicted on April 24, 1995. The case was tried on April 21-23, 1997, and the jury returned its verdict on April 23, 1997. Defendant was sentenced to life in prison for felony murder and 15 years in prison for motor vehicle theft. Defendant's timely filed motion for a new trial was denied on September 29, 1997, and he filed a notice of appeal on October 24, 1997. The case was docketed in this Court on December 2, 1997, and submitted for a decision on briefs on January 26, 1997.

[2] Courson's original appeal, Case No. S98A0405, was dismissed for want of appellate jurisdiction because his notice of appeal was untimely filed. The trial court granted his request for an out-of-time appeal, which is currently pending in this Court. (Case No. S98A0881.)

Walsh was a party to the crimes.

No one testified that Walsh, Courson, Beasley or Crosby committed the crimes, or that they were even seen together on the day in question. In a statement he gave the police, Beasley implicated all four of the defendants, saying that each played a role in the commission of the crimes. Beasley's statement was introduced without objection. However, Beasley, did not testify. It follows that his statement was hearsay and without probative value. *Germany v. State*, 235 Ga. 836, 840 (221 SE2d 817) (1976); *Stamper v. State*, 235 Ga. 165, 169 (219 SE2d 140) (1975). And since Beasley's statement lacks probative value, it cannot be used in support of Walsh's convictions. *Shaver v. State*, 199 Ga. App. 428, 430 (405 SE2d 281) (1991).

Walsh also gave a statement to the police, in which he said the following: Walsh and Courson were living with Walsh's aunt. When Walsh's aunt tossed them out of her house, they called Courson's sister, Angela Crosby, and asked her for a ride to Columbus. Crosby told them that she and her boyfriend, Beasley, were leaving town and that Walsh and Courson should meet them at the trailer where she lived with Beasley. When Walsh and Courson arrived, Crosby was alone. She started talking about a movie called "Natural Born Killers" and said that she and Beasley were planning to kill Olin Miller, and take his money and his truck. At first, Walsh thought Crosby was "just blowing hot air," but when Beasley arrived, the conversation continued and Walsh "started to get worried." Crosby called Miller and lured him to the trailer. Walsh was "ready to leave," but decided to stay. He hid in a bedroom with Beasley and Courson as Miller approached the trailer. When Miller came in, Courson threw a blanket over him and Beasley "tried to break his neck." Courson held Miller down while Beasley hit him over the head with a beer mug. Blood began to seep through the blanket, but Miller was still breathing so Beasley held Miller's nose and mouth until he suffocated. Beasley and Crosby went through Miller's pockets and took $31. They then wrapped him in garbage bags, loaded him in his truck, and threw their luggage on top of him. Walsh, Courson, Crosby and Beasley "got in the truck and drove off." They stopped at a store where they bought beer and gas for the truck.[3] Then, with Crosby driving, they went to a bridge and stopped. Beasley and Courson carried Miller's body under the bridge while Walsh waited in the truck with Crosby. Beasley and Courson called for Walsh who went down to see what they wanted. They asked Walsh to help them put rocks on Miller's body. Walsh complied because he was "scared if he didn't Ronnie [Beasley] would kill [him] too." After submerging Miller's

---

[3] As Walsh put it, "*We all* went to the store and got gas and beer." (Emphasis supplied.)

body, the foursome drove the truck to Columbus where Walsh and Courson "got off to live."

Walsh added the following "P.S." to his statement: In the midst of the struggle, Walsh left the room, picked up a "broom that was leaning on the counter and put it up."

Mere presence at the scene of a crime is insufficient to show participation in the crime. *O'Neal v. State*, 239 Ga. 532 (1) (238 SE2d 73) (1977). However, a person who does not directly commit a crime may be convicted upon proof that a crime was committed and that person was a party to it. *Harrell v. State*, 253 Ga. 474 (1) (321 SE2d 739) (1984). And whether a person was a party to a crime can be inferred from his presence, companionship, and conduct before and after the crime was committed. *Watson v. State*, 214 Ga. App. 645 (448 SE2d 752) (1994).

Here Walsh's statement shows that before, during, and after the commission of the crimes, Walsh was present and shared his companionship with Beasley, Crosby and Courson. It also demonstrates that he was no innocent bystander. On the contrary, he willingly stayed at the trailer knowing what was in store for Miller; he hid in a bedroom with Beasley and Courson so Miller would be led to believe that Crosby was home alone; and he remained at the trailer while Miller was being brutally murdered — taking time out to move a broom in the midst of the struggle. Most importantly, Walsh willingly partook of the proceeds of the murder. Given these facts, we find that Walsh was a party to the crimes.[4]

The State cannot rely solely on Walsh's statement to prove its case. If Walsh's statement is an admission, the State must present additional direct or circumstantial evidence of his guilt of felony murder. *Turner v. State*, 138 Ga. 808, 811 (1) (76 SE 349) (1912). If the statement is a confession, the State must introduce additional evidence which corroborates it. OCGA § 24-3-53.

An admission differs from a confession in that a confession acknowledges all of the essential elements of the crime. *Johnson v.*

---

[4] Walsh admitted covering Miller's body with rocks. However, we do not base our conclusion that he was a party to the crimes on that admission because it contains an exculpatory component — coercion. See OCGA § 16-3-26. Ordinarily, the jury would have been authorized to believe the inculpatory part of this portion of Walsh's statement — that he participated in covering up the crime, and disbelieve the exculpatory part — that he acted out of fear for his life. See *Davis v. State*, 205 Ga. 248, 253 (5) (53 SE2d 545) (1949); *Upton v. State*, 128 Ga. App. 547, 550 (2) (197 SE2d 478) (1973). In this case, however, since the defendant's statement is consistent with the physical facts shown, and the State introduced no evidence showing Walsh's participation except Walsh's statement, the jury could not accept the inculpatory part of this portion of the statement and reject the exculpatory part. *Terry v. State*, 243 Ga. 11, 12 (1) (252 SE2d 429) (1979). Of course, the jury was free to accept the other inculpatory portions of Walsh's statement because they did not contain an exculpatory component.

*State,* 204 Ga. 528, 530-531 (50 SE2d 334) (1948). In his statement, Walsh denied active participation in the actual murder. However, as we pointed out above, Walsh's statement was an acknowledgment of all of the essential elements of his guilt as a party to the underlying felonies of armed robbery and theft by taking. See *Sands v. State,* 262 Ga. 367, 368 (2) (418 SE2d 55) (1992); *Van Huynh v. State,* 258 Ga. 663 (1) (373 SE2d 502) (1988); *Tho Van Huynh v. State,* 257 Ga. 375 (359 SE2d 667) (1987). Compare *Moore v. State,* 255 Ga. 519 (1) (340 SE2d 888) (1986).

Since Walsh confessed that he was a party to the underlying felonies, the mere fact that he denied actively participating in the murder is of no consequence. Walsh's conviction for felony murder depends only upon the existence of additional evidence which corroborates his confession in any particular. *Sands v. State,* supra at 367 (1). A review of the record shows that sufficient corroboration of Walsh's confession exists in the form of additional evidence regarding the manner in which the victim was killed and his body was disposed. Id.; *Barnes v. State,* 260 Ga. 398, 399 (2) (396 SE2d 207) (1990); *Brown v. State,* 253 Ga. 363, 364 (3) (a) (320 SE2d 539) (1984).

The evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that Walsh committed the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. We cannot consider Walsh's assertion that the trial court erred in refusing to grant a change of venue because, although Courson sought a venue change, Walsh did not. *Barnes v. State,* 168 Ga. App. 925, 926 (2) (310 SE2d 777) (1983). Even if Walsh had sought a change of venue, we would find no error. The record does not show (1) such a barrage of pretrial publicity as to give rise to a presumption of prejudice or (2) actual juror prejudice from the jury selection process itself. *Gibson v. State,* 261 Ga. 313, 314 (404 SE2d 781) (1991).

3. The trial court did not abuse its discretion in permitting the trial to be televised. *Harris v. State,* 260 Ga. 860, 866 (401 SE2d 263) (1991). Walsh cannot pinpoint "any way in which the presence of cameras deprived him of due process of law or detracted from the dignity and decorum of the court." Id.

4. Walsh contends his statement was induced by hope of benefit and, therefore, inadmissible because, when the police read Walsh his *Miranda* rights, they informed him that they were investigating the *disappearance,* rather than the murder, of Miller. This contention is without merit. It is clear that Walsh knew from the outset that the police were investigating the disappearance *and murder* of Miller. More importantly, there is no evidence whatsoever that Walsh's statement was induced by the hope of a lighter sentence. *Arline v. State,* 264 Ga. 843 (2) (452 SE2d 115) (1995).

5. The trial court did not err in permitting Walsh's statement to be read to the jury without submitting the actual statement to the jury. Ordinarily, a written confession should not be sent out with the jury during deliberations. *Walker v. State*, 215 Ga. 128, 129 (2) (109 SE2d 748) (1959); but see *Lane v. State*, 247 Ga. 19, 21 (273 SE2d 397) (1981). Besides, Walsh did not request that his written statement be submitted to the jury.

6. Contrary to Walsh's contention, the trial court distinctly instructed the jury that the conviction of one defendant did not necessarily require the conviction of the other. See generally *George v. State*, 260 Ga. 809, 810 (5) (a) (400 SE2d 911) (1991). See also *Nicholson v. State*, 265 Ga. 711, 713 (3) (462 SE2d 144) (1995).

*Judgment affirmed. All the Justices concur, except Fletcher, P. J., and Sears, J., who dissent.*

SEARS, Justice, dissenting.

Having carefully reviewed the record in this case, I am compelled to conclude (and I do so reluctantly) that the admissible facts cannot, under the law of this State, support Walsh's convictions for felony murder and theft by taking. In reaching this conclusion, I acknowledge that the hearsay statement of Ronnie Jack Beasley, discussed at p. 428 of the majority opinion, may be construed as some evidence of Walsh's guilt. However, as the majority correctly holds, Beasley's statement is inadmissible hearsay, and therefore cannot be considered by this Court in evaluating the sufficiency of the evidence to support Walsh's convictions.[5] Moreover, considering the facts of record other than Beasley's statement in light of the appropriate standard of review[6] leads to but one conclusion: That the State did not present adequate evidence to convict Walsh beyond a reasonable doubt.

The majority opinion relies exclusively on Walsh's statement to the police to conclude that he was a party to the crimes in question. An examination of Walsh's statement, however, reveals that it is insufficient to support his convictions on the theory that he was a party to the crimes. In his statement, Walsh admitted being present at the crime scene, but he stated that he did not directly participate in the actual murder and armed robbery of the victim or in the theft of the victim's car. Moreover, he never stated that he encouraged or aided another person to commit the crimes. In fact, the strongest inference that can be drawn from Walsh's statement is that he did not encourage or aid anyone in the murder and armed robbery of the victim or in the theft of the victim's automobile. Supporting such an

---

[5] Majority opinion, p. 428.

[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

inference are Walsh's statements that he thought Beasley and Crosby were "just blowing hot air" about their plans for the victim, but that, as Beasley's and Crosby's talk continued, Walsh "started to get worried." Such statements are not indicative of someone actively participating in, encouraging, or aiding criminal activity. In addition, the State offered no physical, forensic, or testimonial evidence that was inconsistent with Walsh's statement that he did not directly participate in the murder and robbery of the victim, or with the inference that can be drawn from Walsh's testimony that he did not encourage or aid anyone in committing the crimes in question. In this regard, although Walsh stated that he rode in the victim's truck after the crimes, with Ronnie Beasley driving, and although he stated that they stopped to buy gas and beer, the evidence does not demonstrate that Walsh was given any of the money that was stolen from the victim. Nor does the evidence demonstrate that he partook of the proceeds of the crime other than indirectly by benefiting from the gas and beer that was bought (there was no direct evidence that the victim's money was used to buy the gas and beer, but an inference to that effect can be drawn). Regarding this activity, it is also important to remember that it is consistent with Walsh's testimony, and the inferences that can be drawn from it, that he did not directly participate in the crimes, or encourage or aid others in committing the crimes. For these reasons, Walsh's statement presents a reasonable hypothesis that he did not directly participate in the crimes, and that he did not encourage or aid anyone else in committing them.

Because the majority affirms Walsh's conviction on the ground he was a party to the crimes, and because only circumstantial evidence supports that theory,[7] Georgia law requires the State to exclude every reasonable hypothesis except that of Walsh's guilt. Because there is a reasonable hypothesis that Walsh was not a party to the crimes, Walsh's convictions must be reversed. Moreover, even if it can be said that there was some direct evidence that Walsh was a party to the crimes, that does not negate the fact that there is a reasonable hypothesis that Walsh was not a party to the crimes. As for-

---

[7] The Suggested Pattern Jury Instructions, Vol. 2, p. 11, defines circumstantial evidence as follows:

> Evidence may also be used to prove a fact by inference. And this is referred to as circumstantial evidence. Circumstantial evidence is the proof of facts or circumstances by direct evidence from which you may infer other related or connected facts which are reasonable and justified in the light of your experience.

Accord *Terrell v. State*, 258 Ga. 722, 724, n. 2 (373 SE2d 751) (1988). There is no direct evidence that Walsh directly committed the murder, armed robbery, or theft of the motor vehicle. Moreover, there is no direct evidence that Walsh encouraged or aided others in committing those crimes. The facts that connect Walsh to the crimes must be inferred from the direct evidence that was introduced by way of Walsh's statement that he was present at the crime scene, and did nothing to stop the crimes in question.

mer Chief Justice Hunt noted, even with direct evidence, if a reasonable hypothesis exists that the defendant did not commit the crimes in question, the State has failed to carry its burden to prove the defendant guilty beyond a reasonable doubt.[8]

In affirming Walsh's convictions, the majority has overlooked the foregoing shortcomings with the State's evidence. From evidence (Walsh's statement) that establishes a neutral or negative proposition — that Walsh was present and did nothing to stop the crimes —, the majority draws the weak positive inference that Walsh actively participated in the crimes or actively encouraged or aided others in committing the crimes. The majority goes so far as to conclude that Walsh's statement amounts to an "acknowledgment of all the essential elements of his guilt as a party to the underlying felonies of armed robbery and the theft by taking of the victim's truck." This is simply an incorrect representation of Walsh's statement; Walsh did not make such an acknowledgment. Moreover, even if credence is given to the majority's reasoning, it does not negate the fact that the evidence supports the equally reasonable, if not more reasonable, hypothesis that Walsh did not directly participate in the crimes or encourage or aid others in committing the crimes.

Because the record in this case simply does not support the majority's holding that the evidence is sufficient to support Walsh's convictions for felony murder and for theft by taking of the victim's motor vehicle, and because "[t]he constitutional necessity of proof beyond a reasonable doubt is not confined to those defendants who are morally blameless,"[9] I am compelled to dissent.

I am authorized to state that Presiding Justice Fletcher joins in this dissent.

DECIDED MAY 11, 1998.

*Sarah M. Tipton-Downie*, for appellant.
*Richard A. Malone, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.

---

[8] *Mims v. State*, 264 Ga. 271, 273-274 (443 SE2d 845) (1994) (Hunt, C. J., concurring).
[9] *Jackson v. Virginia*, 443 U. S. at 323.