## A00A1507. WILKERSON v. THE STATE.
### (535 SE2d 505)

McMurray, Senior Appellate Judge.

Appellant Steve Allan Wilkerson and his brother, David Wayne Wilkerson, were indicted separately, but tried jointly, on one count of aggravated assault each. Evidence adduced at trial showed that the Wilkerson brothers approached the victim in a convenience store parking lot. They correctly suspected the victim was romantically involved with David Wilkerson's wife. After a heated verbal exchange, Steve Wilkerson produced a knife and threatened to cut the victim's throat. The victim withdrew to his truck. Steve Wilkerson then retrieved a tire iron from his vehicle and tossed it to David Wilkerson, who threw it through the driver's side window of the victim's truck, hitting the victim in the head. The victim sustained a small cut.

The jury returned guilty verdicts for both defendants, and their motions for new trial were denied. Steve Wilkerson appeals. In his sole enumeration of error, Wilkerson urges reversal of his conviction based on the trial court's refusal to charge the jury that conviction of one defendant does not necessarily require conviction of the other. *Held*:

In cases involving multiple defendants, the Supreme Court of Georgia urges trial courts:

> to give a separate instruction which details the jury's duty to consider each charge in the indictment against each defendant separately and which reminds the jury that the guilt of one defendant does not require the return of a guilty verdict against the other defendant.[1]

To determine whether the trial court's refusal to give the requested instruction harmed Wilkerson, this court must consider the charge in its entirety.[2] Upon explaining the indictments, the trial court referred to "each particular indictment, or each charge contained in each of the two indictments." The trial court further charged that each defendant is presumed innocent and that the presumption remains with each defendant. Moreover, the jury was instructed to determine whether the tire tool allegedly used by David Wilkerson constituted a deadly weapon. Finally, as to the verdict form, the jury was instructed to return a unanimous verdict as to each defendant. The trial court reiterated "that this rule certainly

---

[1] *Nicholson v. State*, 265 Ga. 711, 714 (3) (462 SE2d 144); see also *Nunez v. State*, 237 Ga. App. 808, 810 (2) (516 SE2d 357).

[2] *Nicholson,* supra at 713.

applies to each defendant in each separate indictment." The defendants were never referred to in the plural.

While it is the "better practice" to charge the jury, particularly upon request, that the conviction of one defendant does not necessitate the conviction of the other, we find no reversible error in the case sub judice.[3]

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED MAY 31, 2000

*Harrison & Harrison, Samuel H. Harrison,* for appellant.
*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant District Attorney,* for appellee.