## 55624. SINGLETON v. THE STATE.

SMITH, Judge.

The state filed no brief, only a motion to dismiss, in which we find no merit.

Singleton was convicted of public indecency. He cites as error the charge of the court as to what constitutes a "public place." We agree and reverse.

Singleton was charged with public indecency in that "in a public place, to wit: the Public Safety Building on Church Street in Gainesville, Georgia, [he did] perform a lewd caress of the body of another person. . ." Code § 26-2011 (d) (Ga. L. 1968, pp. 1249, 1301) defines one act of public indecency thusly: "A person commits public indecency when he performs any of the following acts in a *public place* . . . (d) A lewd caress . . . of the body of another person." (Emphasis supplied.) This is the act Singleton

was charged with committing. The only concern we have in this case is the court's charge as to what constitutes a "public place."

Code § 26-401 (m) states a "public place means any place where the conduct involved may reasonably be expected to be viewed by people other than members of the actor's family or household."

Singleton assigns as error:

1. The charge of the court on what constitutes a "public place." This is the court's charge: "I charge you members of the jury that a public place is a place to which the general public has a right to resort, not necessarily a place devoted solely to the uses of the public but a place which is in point of fact public rather than private, a place visited by many persons and usually accessible to the neighboring public, any place so situated that what passes there can be seen by a considerable number of persons if they happen to look, also a place in which the public has an interest as in affecting the safety, health, morals, and welfare of the community. A place exposed to the public and where the public gather together or pass to and fro," and

2. The failure of the court to charge Code § 26-401 (m), supra.

In the case of *White v. State,* 138 Ga. App. 470, 471 (226 SE2d 296) (1976), this court held, in no uncertain terms, that a "public place" within the meaning of our present public indecency statute is as defined in Code § 26-401 (m).

This case, along with three others, was here before. See *Singleton v. State,* 143 Ga. App. 387 (238 SE2d 743) (1977), for the facts and the grounds upon which this court reversed all of them. This is the only one of the four reversed in *Singleton v. State,* supra, that was tried again. In the first trial the court gave in charge the Code definition of "public place," as required by *White v. State,* supra. In this case the court did not charge the Code definition of "public place." Instead, it chose to give in charge its own definition. When the court chose to give its definition of "public place" in charge, it was necessary that it be equivalent to the Code definition. It was not. In fact, as given, it could very easily have been confusing and

misleading to the jury in light of the wording of the accusation. The words, "Public Safety Building," in the accusation, taken in connection with that portion of the charge which states, "also a place in which the public has an interest as in effecting the safety, health, morals, and welfare of the community," could easily have led the jury to think that "public place" was synonymous with "Public Safety Building." Also, the court did not charge the limitation portion of the definition of "public place," "viewed by people other than members of the actor's family or household," which is an essential portion of the definition of a "public place" and which must be charged. *Harper v. State,* 17 Ga. App. 561 (2) (87 SE 808) (1915) states that when the judge undertakes to charge the law on any subject, he must charge upon all that is material and applicable in the case. The court can never go wrong in charging the words of the Code; when it does not, error often results, as is the case here.

*Judgment reversed. Bell, C. J., Quillian, P. J., Webb, Shulman, Banke and Birdsong, JJ., concur. Deen, P. J., and McMurray, J., dissent.*

ARGUED APRIL 3, 1978 — DECIDED MAY 23, 1978.

*Robert J. Reed,* for appellant.
*Douglas E. Smith, Solicitor,* for appellee.

DEEN, Presiding Judge, dissenting.

The evidence sustained a finding defendant police chief did on occasions caress the breast of and at least on one occasion, run his hand up the skirt, on and around the vaginal area of an employee policewoman. He was tried and convicted of performing a lewd caress on the body of another person.

I cannot agree that the charge given was harmful error. It was equivalent to the Code definition. If anything, it was more favorable, and less all-encompassing, than the Code definition, and the jury could not have been misled. There is absolutely no contention that the acts were viewed in a place expected only to be seen by members of the actor's family or

household.

There being no constitutional rights involved herein, I would apply the "highly probable" test that the error, if any, did not contribute to the judgment. *Johnson v. State,* 238 Ga. 59-61 (230 SE2d 869). Justice Cardozo's famous pronouncement in Snyder v. Massachusetts, 291 U. S. 97, 122 (54 SC 330, 78 LE 674, 687), is also applicable: "But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true... There is danger that the criminal law will be brought into contempt — that discredit will even touch the great immunities assured by the Fourteenth Amendment — if gossamer possibilities of prejudice to a defendant are to nullify a sentence pronounced by a court of competent jurisdiction in obedience to local law, and set the guilty free."

I am authorized to state that Judge McMurray joins in this dissent.