42688, 42689. MOORE v. THE STATE (two cases).

(340 SE2d 888)

BELL, Justice.

Steve Lamar Moore and his brother Delton Wayne Moore were jointly indicted and tried for the October 3, 1984, murder and armed robbery of Floyd Stewart. Each was convicted of felony murder and sentenced to life imprisonment.[1] They appeal. We affirm Delton Wayne Moore's conviction, and reverse Steve Lamar Moore's.

## 42688. Steve Lamar Moore

1. Appellant Steve Lamar Moore brings two enumerations of error. In his first enumeration he raises the general grounds, and we find that this enumeration has merit.

The state introduced evidence which established that Delton Wayne Moore owed over a thousand dollars in motor vehicle fines to the City of Tifton Recorder's Court, and that bonds of over a thousand dollars had been assessed against Steve Lamar Moore in pending unadjudicated traffic cases. Between 9:30 and 11:00 on the evening of October 2, 1984, the brothers visited Robert Daniel Dowdy. Dowdy testified that they told him they were leaving for Florida that night, and asked him if he would like to go with them. He declined their offer. Delton Wayne Moore's girl friend, Troy Lynn Berry, and the co-appellants were at the victim's residence the night preceding the murder. On that evening Delton Wayne Moore told Troy Lynn Berry that if the victim did not provide him with money to pay his fines "he was going to bust his m_____ f_____ head open and get the money and leave town." According to Berry, she and Delton Wayne Moore left the victim's home between 4:30 and 5:00 a.m., leaving Steve Lamar with Stewart. Berry said that as she and Delton Wayne left the

---

[1] The murder occurred on October 3, 1984. Appellants were jointly indicted on December 3, 1984. The indictment was cast in three counts, alleging malice murder, felony murder, and armed robbery. On June 26, 1985, a jury returned a verdict of felony murder, and appellants were sentenced to life imprisonment. Neither appellant filed a motion for new trial. On July 26, 1985, appellants filed their notices of appeal. On August 21, 1985, the court reporter certified the transcript, and on September 18, 1985, the appeals were docketed in this court. On November 1, 1985, appellants submitted their appeals for decision on briefs.

Steve Lamar Moore's brief was received in this court on November 27, 1985, and his enumerations of error were received December 5, 1985. Delton Wayne Moore's brief was received in this court on October 30, 1985, and his enumeration of error was received on December 6, 1985.

trailer, Delton Wayne told Steve Lamar "to get up and get his clothes ready, when he got back they was leaving." Steve Lamar said "he would have the stuff ready." Delton Wayne and Berry went to Berry's trailer. Delton Wayne stayed there until between 8:30 and 9:00. Berry testified that before Delton Wayne left he said that "he was going to ask [Stewart] for the money and if he told him no he was just going to beg him for it; and . . . if he still told him no he was just going to put a little scare him into him." She asked him whether he was going to hurt Stewart, and Delton Wayne told her he would not.

Two neighbors of the victim testified that between 8:30 and 9:30 they saw Delton Wayne and the victim drive past their residences in a car resembling Delton Wayne's. Two other witnesses testified that on the morning of the murder they observed Floyd Stewart in downtown Tifton near a parked car similar to Delton Wayne's. One witness, Donald Dove, said that between 9:00 and 9:30 he saw Stewart, who was a disabled veteran, being helped in or out of the car by an unidentified man. The other witness, Charles Sanderson, saw Stewart and an unidentified man near the car between 9:30 and 11:30.

Ronnie Vaughn testified that at 7:45 a.m. he visited the victim's trailer and talked with him through a window. He did not see either brother. At about noon he returned to the victim's trailer, received no response to his knock, and left. He returned at about 2:45 p.m. and discovered the victim's body after gaining entry through a window. An autopsy the following day revealed that the cause of death was blunt force trauma to the head.

The brothers drove to Texas, and at about 8:00 a.m. on October 4, 1984, Delton Wayne called Betty Rineair, Troy Lynn Berry's aunt, from Dallas. Rineair testified that she asked Delton Wayne whether he knew "that that man had got killed," to which Delton Wayne replied, "yes, . . . he was going to give himself up and come back." The brothers returned and were arrested on October 7, 1984.

With respect to Steve Lamar Moore we find that "[u]nder the test set forth in *Jackson v. Virginia*, [443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)], a rational trier of fact could not find evidence of every element of the crime of murder beyond a reasonable doubt. Presence at the scene of a crime is not sufficient to show that a defendant is a party to the crime under OCGA § 16-2-20 (Code Ann. § 26-801). *O'Neal v. State*, 239 Ga. 532 (238 SE2d 73) (1977); *Parker v. State*, 155 Ga. App. 617 (271 SE2d 871) (1980). Even approval of the act, not amounting to encouragement, will not suffice. *Parker v. State*, supra. This is so because under OCGA § 24-4-6 (Code Ann. § 38-109) 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.'" *Brown v. State*, 250 Ga. 862, 864 (1) (302 SE2d

347) (1983).

In this case there is no direct evidence that Steve Lamar Moore participated in the bludgeoning of Floyd Stewart, or indeed that he was even present when the killing occurred. There is some circumstantial evidence that he had a motive for the killing; that he was present during the killing; and that he fled thereafter. However, aside from this circumstantial evidence of motive, presence, and flight there is no evidence tending to identify Steve Lamar Moore as a participant in the felony murder of Floyd Stewart, and the evidence is therefore insufficient as a matter of law to sustain Steve Lamar Moore's conviction for felony murder. *Brown v. State*, supra, 250 Ga.

2. Steve Lamar Moore's second enumeration of error is mooted by our holding in Division 1, supra.

### 42689. *Delton Wayne Moore*

3. In his sole enumeration of error Delton Wayne Moore asserts that the trial court erred in admitting five post-arrest letters which he wrote from jail to Troy Lynn Berry. The letters in question contained exhortations to withdraw a pre-trial statement to police and to avoid testifying at trial, because, according to appellant's letters, Berry was the state's "star witness" and if she testified he would be "finished." Appellant argues that he did not have an adequate opportunity to cross-examine Berry concerning the contents of the letters.

In order to resolve this contention it is necessary to review the events leading to the admission of the letters. After counsel for Delton Wayne Moore finished cross-examining Berry concerning her ability to identify his client's handwriting, the district attorney moved the court to admit the letters. At that point Delton Wayne's counsel objected to their admissibility on the ground they had not been properly authenticated. The court reserved its ruling on the admissibility of the letters, and the questioning of Berry ceased.

Subsequently, the court ruled that a proper foundation had been laid for the admissibility of the letters. Delton Wayne's counsel then alleged that the district attorney had improperly excused Berry as a witness, and that she had thereafter entered the courtroom and observed the proceedings in violation of the rule of sequestration. Building on this allegation, Delton Wayne's counsel moved the court to rule that the letters were inadmissible on the ground that his client's right of cross-examination had been denied. The substance of his argument was that he had intended to cross-examine Berry concerning the contents of the letters, but was effectively prevented from doing so by her observation of part of the trial. The district attorney suggested that Delton Wayne's counsel recall Berry and cross-examine her, but the invitation was declined, and the letters were admitted.

We conclude that this contention presents no error. Appellant's opportunity to exercise his right of cross-examination was not abridged by any actions of the state or the trial court. Appellant's counsel had ample opportunity to cross-examine Berry concerning the contents of the letters. In particular, after the court ruled that the proper foundation had been established to admit the letters, defense counsel could have placed Berry on the stand and cross-examined her concerning the contents of the letters. Moreover, assuming that the rule of sequestration was violated, the violation did not render Berry incompetent to testify, but merely went to the weight and credibility of her testimony. *Blanchard v. State*, 247 Ga. 415 (1) (276 SE2d 593) (1981).

4. We have reviewed the evidence presented at trial, and find that as to Delton Wayne Moore it was sufficient to convince any rational trier of fact of the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, supra.

*Judgment reversed in Case No. 42688. All the Justices concur, except Weltner, J., who dissents. Judgment affirmed in Case No. 42689. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Mims & Henderson, Emerson D. Henderson,* for appellant.

*David E. Perry, District Attorney, Robert C. Wilmot, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Staff Assistant Attorney General,* for appellee.