## A93A2298. GILES v. THE STATE.
(440 SE2d 48)

McMURRAY, Presiding Judge.

Defendant Giles appeals his conviction of criminal damage to property in the second degree. *Held*:

1. During the early morning of October 3, 1992, several gunshots were fired into an automobile belonging to Lollie Trask. Defendant contends that there was not sufficient evidence showing that he fired those shots to authorize his conviction.

Trask and defendant had been divorced on September 13, 1991, but continued to live together for ten months, thereafter continued to occasionally see each other, and had sexual intercourse as recently as approximately a month prior to the incident at issue. By the date of the incident, defendant was aware that Trask had become involved

with another man, had sent a number of threatening notes to Trask, and had repeatedly appeared at night spots where Trask had gone, where he would sit across the bar and watch her.

On the night in question, Trask had been in a bar and defendant was observed watching her and leaving a note on a napkin where his ex-wife was sitting. Trask and her companions left by the back door, leaving her car parked outside the bar.

At approximately 5:35 a.m., defendant entered a nearby restaurant and ordered breakfast. After eating breakfast, defendant briefly left the restaurant, saying that he was going to get his cigarettes. Two or three minutes later two gunshots were heard by an employee who looked out into the parking lot and saw no one other than defendant. Two or three minutes later defendant returned and asked for another cup of coffee. After finishing his coffee, defendant again left the restaurant and about three or four minutes later, three more gunshots were heard. Shortly thereafter, the damage to Trask's car was discovered. Trask had received several threatening notes from defendant shortly prior to the evening in question. Defendant sought to pay for the damages to the car and gave Trask two checks for this purpose, albeit they were returned to her when she attempted to cash them due to a stop payment placed on them. Bullet fragments removed from the car were examined and compared with bullets fired from a gun owned by defendant and it was determined that the bullets which struck the car bore markings consistent with having been fired from defendant's gun but whether in fact they had been fired from that gun could not be established by the laboratory test.

" 'It is well settled that in an entirely circumstantial case, the question whether there is a reasonable hypothesis favorable to the accused is the jury's province. Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and finds beyond a reasonable doubt that there is no reasonable hypothesis other than guilt. The appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law. (Cits.) The appellate courts have no yardstick by which to ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of 12 jurors of rational mind. (Cit.) Moreover, in every case the jury is the arbiter of credibility including as to the defendant's explanation, and the jury is the body which resolves conflicting evidence, and where the jury has done so, the appellate court cannot merely substitute its judgment for that of the jury. (Cit.)' *Adams v. State*, 187 Ga. App. 340, 344 (1) (370 SE2d 197) (1988). Because the jury's finding in the instant case is not insupportable as a matter of law or outside the proven facts, we shall not disturb it. See *Livingston v. State*, 193 Ga. App. 502, 503-504 (2) (388 SE2d 406) (1989)." *Johnson v. State*, 208 Ga. App. 747, 748 (1) (431 SE2d 737). Even though there was no di-

rect evidence that defendant committed the crime, we conclude that the evidence meets the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560), in that a rational trier of fact could find proof of guilt beyond a reasonable doubt and to the exclusion of every other reasonable hypothesis. See also *White v. State*, 263 Ga. 94, 95 (1), 97 (428 SE2d 789).

2. Defendant's remaining enumeration of error complains of the admission of certain evidence of prior difficulties between himself and Trask. Since the decision in *Maxwell v. State*, 262 Ga. 73, 74 (2), 75 (414 SE2d 470), before evidence of prior difficulties between an accused and a victim can be presented, the trial court must conduct a hearing pursuant to Uniform Superior Court Rule 31.3 (B) at which the State must make a showing as to each prior difficulty of the three affirmative showings outlined in *Williams v. State*, 261 Ga. 640, 641 (2), 642 (b) (409 SE2d 649), and the trial court must make a determination that as to each prior difficulty that these three showings have been satisfactorily made before the State may present evidence of that prior difficulty. The State served notice of its intent to introduce the evidence in question and defendant opposed admission of the evidence via a motion in limine. After a hearing the evidence was held to be admissible.

The first prior difficulty at issue occurred earlier on the night the gunshots were fired into the car. Defendant was observed placing nails beneath the tires of Trask's car. Defendant argues that this incident was not similar to the crime with which he is charged because there was no element of "reckless endangerment" such as arose from the discharge of a firearm in a public parking lot. Nonetheless, the obvious goal was the same in both instances, to damage and disable the car. We find no merit in the contention that there was a lack of similarity.

The remaining contentions involve a group of occurrences that show that defendant was at the bar where Trask had gone on the night in question and that he had written notes to her. Defendant argues that notes to Trask and being in the same place she was could have nothing to do with the crime with which he was charged. This of course argues a lack of similarity between the earlier acts and the crime charged. However, the third prong of the test stated in the *Williams* decision may be satisfied not only by showing similarity between the prior acts and the crime charged, but also by showing a sufficient connection between the earlier act and the crime charged. Id. at 642. The connection in the case sub judice is shown by the State's evidence that defendant's presence at the bar where Trask had gone that night was part of a pattern of obsessive conduct on the part of defendant following his divorce and separation from Trask.

Also, in both instances the evidence was properly admitted be-

cause it was substantially relevant for some purpose other than to show a probability that defendant committed the crime on trial because he is a man of criminal character. *Smith v. State*, 203 Ga. App. 3, 4 (416 SE2d 129); *Faison v. State*, 199 Ga. App. 447, 448 (1) (405 SE2d 277). This enumeration of error is without merit.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 10, 1993 —
RECONSIDERATION DENIED DECEMBER 21, 1993 — ▮▮▮▮▮▮▮

*Lee Sexton,* for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney,* for appellee.