## A94A1204. WATSON v. THE STATE.
(448 SE2d 752)

RUFFIN, Judge.

Rolando David Watson was convicted by a jury of the offense of theft by shoplifting. This appeal followed the trial court's denial of the appellant's motion for new trial.

The evidence, viewed in the light most favorable to the jury verdict, shows that on February 9, 1993, a Rich's employee observed Johnny Watson, the appellant's brother, in the electronics department of Rich's Southlake Mall store in Clayton County. Neatly dressed in a suit, he placed a stack of five boxed portable telephones from a display table under his arm and rapidly exited the store. He jumped into the passenger side of an older model gray car waiting at curbside and the driver sped away. Less than 15 minutes later, the brothers returned to the electronics department entrance to Rich's where their 1978 gray Mercury Marquis was spotted by Lieutenant Allen of the Morrow Police Department responding to a call from the store's security personnel. Five boxed telephones bearing Rich's pricing tags could be seen in the back seat of the car. The person sitting in the driver's seat was later identified as the appellant. The appellant got out of the car, keys in his pocket, and entered the store. When apprehended adjacent to the electronics department, the appellant stated he was looking for his brother. Unable to produce sales receipts for the telephones in the car, the appellant was arrested with his brother, and they were later charged with shoplifting. At trial the appellant testified that head injuries in 1985 so impaired his vision that he no longer is licensed to drive, but he is able to work as a brake mechanic.

The appellant raises the general grounds and argues that mere presence at the scene of the offense is insufficient as a matter of law to prove the requisite criminal intent for conviction.

"While mere presence at the scene of a crime affords no basis for a conviction, presence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. Criminal intent may be inferred by the trier of fact upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted. OCGA § 16-2-6. Moreover, where transactions involving relatives are under review slight circumstances are often sufficient to induce a belief that there was collusion between the parties." (Citations and punctuation omitted.) *Carter v. State*, 188 Ga. App. 464, 465 (1) (373 SE2d 277) (1988).

We find the evidence was sufficient to enable a rational trier of fact to find the appellant guilty of theft by shoplifting beyond a reasonable doubt. See generally OCGA § 16-2-20; *Jackson v. Virginia*,

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED SEPTEMBER 15, 1994.

*Jim B. Sullivan,* for appellant.
*Robert E. Keller, District Attorney, Deborah N. Maron, Assistant District Attorney,* for appellee.