A95A2289. COLEY v. THE STATE.
(469 SE2d 513)

RUFFIN, Judge.

Gladys Coley appeals her conviction of voluntary manslaughter, enumerating as error the general grounds and the trial court's charge on justification. For reasons which follow, we reverse.

Responding to a call reporting an assault, Officer Allen Brantley discovered Coley at her aunt's home, clad in a nightgown, her arms bathed in blood, and bleeding from her hand. He learned that Coley

arrived at the home naked and had been beating on the door for help. Brantley described Coley as "uncontrollable" and uncooperative with the emergency medical technicians. He also testified that he detected the smell of alcohol about her body. Prior to Brantley's arrival, Coley told other officers at the scene that her husband had beaten her. Brantley did not question her at the scene but allowed the emergency medical technicians to transport her to the hospital.

Approximately 45 minutes later at the hospital, Coley appeared coherent. Brantley administered Coley's *Miranda* warnings, and she discussed with him the events which led to her injury.

According to Brantley, Coley said that while she and her husband were out drinking with friends earlier that night, Mr. Coley argued with her about an old boyfriend. The argument continued when they returned home, where Mr. Coley repeatedly hit her in the head with the butt end of a hammer. He also pushed her into a mirror with such force that it fell to the floor and shattered. Mr. Coley allegedly picked up a piece of the broken mirror and "swung" it at Coley. The argument then ceased temporarily, and Coley attempted to clear away the broken mirror. After a short time the arguing resumed, and Coley fled the house, naked, with Mr. Coley in pursuit. Coley alleged that a short distance from the house, Mr. Coley began to hit her with a stick. Brantley testified that Coley claimed she then attempted to stab Mr. Coley in self-defense with a piece of the mirror she had taken from the house. She was uncertain as to whether she actually wounded Mr. Coley and ran across a field to her aunt's home.

Mr. Coley's body was discovered in front of the Coleys' front porch. He died as the result of multiple sharp force injuries to his left arm and right wrist. The police recovered a piece of broken mirror from weeds at the home of Coley's aunt, and a stick was found in the street where Coley admitted attempting to stab Mr. Coley.

Coley essentially testified to the same general sequence of events related by Officer Brantley. However, she also testified that she did not know why Mr. Coley started beating her; that she did not think he was trying to kill her; that she ran out of the house with a broken piece of mirror to protect herself and scare her husband; and that his hands were empty when he left the house but that he picked up the stick when they ran out into the street. A paramedic who examined Coley's head testified that she observed no sign of injury. With regard to the hammer attack, Coley also testified that Mr. Coley stopped hitting her when she told him she needed to use the rest room.

1. Coley contends the evidence did not support the verdict but instead established that she was acting solely to defend herself from her husband's continuous attacks.

"The distinguishing characteristic between voluntary manslaughter and justifiable homicide is that the accused was so influenced and

excited that [she] reacted passionately rather than simply to defend [herself]. [Cits.] Circumstances necessary to show voluntary manslaughter, as opposed to justifiable homicide, relate to a situation which arouses sudden passion in the person killing so that, rather than defending [herself], [she] wilfully kills the attacker, albeit without malice aforethought, when it was not necessary for [her] to do so in order to protect [herself]. [Cits.]" *Syms v. State*, 175 Ga. App. 179, 180 (1) (332 SE2d 689) (1985).

The question of Coley's guilt rests largely on her credibility, which was for the jury to decide. *Nelson v. State*, 213 Ga. App. 641 (1) (445 SE2d 543) (1994). Coley's account of Mr. Coley's attack, particularly her initial claim that Mr. Coley hit her with a hammer, was drawn into question by the paramedic who examined her head and observed no sign of injury. Therefore, the jury was authorized to reject her entire testimony. See *Cottrell v. State*, 210 Ga. App. 55, 57 (435 SE2d 272) (1993). Moreover, reasonable minds might differ as to whether Coley was justified in abandoning her attempt to escape Mr. Coley and the necessity of confronting him with the broken piece of mirror, particularly in light of her testimony that she did not believe Mr. Coley was trying to kill her and that he ceased beating her with the hammer when she merely informed him that she needed to use the rest room. And, even if Coley were fearful, we have held that "[t]he fear of some danger can be sufficient provocation to excite the passion necessary for voluntary manslaughter. [Cit.]" *Syms*, supra. Accordingly, we conclude that the evidence did not demand a finding that Coley acted solely in self-defense.

2. Coley also enumerates as error the trial court's failure to instruct the jury on the State's burden to prove the absence of the elements of her justification defense. The State contends the court's omission does not require reversal because the charge on justification given by the court was read verbatim from Coley's request. However, when the affirmative defense of justification is raised by a defendant, the trial court's failure to so instruct the jury, even without a written request, constitutes "substantial error in a jury charge which is harmful *as a matter of law*." (Emphasis supplied.) *Nelson*, supra at 643 (3); *Printup v. State*, 217 Ga. App. 495 (458 SE2d 662) (1995). Furthermore, "when the judge undertakes to charge the law on any subject, he must charge upon all that is material and applicable in the case." *Singleton v. State*, 146 Ga. App. 72, 74 (2) (245 SE2d 473) (1978).

Therefore, notwithstanding Coley's written requests on the use of force and reasonable fear, the trial court had a duty to charge the jury on all of the elements of the affirmative defense of justification, including the State's burden of proof. The requirement that the State prove beyond a reasonable doubt that the defendant did not act in

self-defense is set forth in the charge on justification contained in the Suggested Pattern Jury Instructions (July 1991), Vol. II, Criminal Cases. Its omission from the instructions in this case was harmful as a matter of law, requiring the reversal of Coley's conviction and a new trial. *Austin v. State*, 218 Ga. App. 90 (2) (460 SE2d 310) (1995).

*Judgment reversed. Pope, P. J., concurs. Beasley, C. J., concurs in the judgment only.*

DECIDED MARCH 6, 1996.

*Morris S. Robertson*, for appellant.
*Ralph M. Walke, District Attorney, L. Craig Fraser, Jeff J. Conner, Assistant District Attorneys*, for appellee.