A03A0943. ARNOLD v. THE STATE.
(581 SE2d 601)

BLACKBURN, Presiding Judge.
Following a jury trial, Larry Arnold appeals his conviction for possession of cocaine with intent to distribute, contending that the

evidence was insufficient to support the verdict. For the reasons set forth below, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[1] Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. The testimony of a single witness is generally sufficient to establish a fact.

(Footnote omitted.) *Phagan v. State*.[2]

Viewed in this light, the record shows that, on July 21, 2000, Officer E. E. Earls was surveilling an area known for a high volume of drug-related activity. From an unmarked van, Officer Earls witnessed Deanie Reid selling packets of cocaine held in a blue container. After a number of sales occurred, Arnold approached Reid, and Reid gave him the money that he had received from the sales. Arnold then walked a short distance away, acting as a lookout for police. Officer Earls witnessed Arnold alerting Reid when police approached the area.

When police moved in to arrest Reid, he threw the blue container filled with cocaine toward Arnold, who tried to pick it up, but Officer Earls arrested Arnold before he got his hands on the container. At the time of his arrest, Arnold had almost $600 in cash in his pocket.

This evidence was ample to support Arnold's conviction. *Jackson*, supra. Contrary to Arnold's contentions, Reid's testimony that Arnold knew nothing about the cocaine sales does not change this result, as the jury, who were the arbiters of credibility, had the authority to reject Reid's testimony as being untruthful. *Phagan*, supra.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED MARCH 13, 2003.

*Carl P. Greenberg*, for appellant.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Phagan v. State*, 243 Ga. App. 568, 569-570 (2) (533 SE2d 757) (2000).

*Paul L. Howard, Jr., District Attorney, Christopher M. Quinn, Assistant District Attorney*, for appellee.