## A03A1200. LOWERY v. THE STATE.
(592 SE2d 102)

Blackburn, Presiding Judge.

Following a jury trial, Demetrie Lowery appeals his conviction for armed robbery, contending that the evidence was insufficient to support the verdict. We affirm for the following reasons: (1) construed in the light most favorable to the verdict, the evidence was sufficient to support Lowery's conviction for armed robbery,[1] as the record provides both direct and circumstantial evidence that he cooperated with his co-defendant, Octavious Williams, before, during, and after the crime; (2) at his trial, Lowery testified unequivocally that the armed robbery never happened, and, as such, he cannot now argue, for the first time on appeal, that he perjured himself at trial and that the robbery did in fact happen in his presence but he did not participate; and (3) the jurors, not this Court, are the sole arbiters of credibility.

1. The direct and circumstantial evidence against Lowery was sufficient to support the verdict against him.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[2] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

---

[1] OCGA § 16-8-41.
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The testimony of a single witness is generally sufficient to establish a fact.

(Punctuation omitted.) *Arnold v. State.*[3]

Viewed in this light, the record shows that, on May 15, 2001, Lowery and Williams were out for a walk. At the same time, Trabel Moore and Rodriguez Kegler were on their way to lunch in Kegler's car. Moore noticed Lowery, his cousin, waving them down from the side of the road, and Kegler stopped the car. Moore stepped out to speak with Lowery, who asked to borrow $20. When Moore pulled money from his back pocket, Williams pointed a gun in his face and demanded all of his cash (approximately $400). With Lowery looking on, Williams then leaned into the car and demanded Kegler's cash (approximately $50).

After the robbery, Moore and Kegler sped away from their assailants. Both Moore and Kegler testified that, as they drove off, they witnessed Williams and Lowery leave together, running toward the back of a house on Corn Avenue. Shortly thereafter, both Lowery and Williams were arrested at this house.

OCGA § 16-8-41 (a) provides: "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." In turn, OCGA § 16-2-20 (a) states: "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (b) (3) states further: "A person is concerned in the commission of a crime only if he . . . [i]ntentionally aids or abets in the commission of the crime."

The facts in this case support the jury's conclusion that Lowery was a party to the armed robbery. In light of Lowery's action in flagging down the victims, his presence during the commission of the crime, his flight from the scene of the crime with Williams, and his apprehension in the company of Williams, "the evidence supporting [Lowery's] role, both direct and circumstantial, was sufficient as a matter of law to support his conviction as a party to the crime of armed robbery." *Cantrell v. State.*[4] See also *Jackson,* supra.

And, contrary to the finding of the dissent, since there was both direct and circumstantial evidence of guilt, the circumstantial evidence rule requiring exclusion of every other reasonable hypothesis does not apply. *Smith v. State.*[5] See also *Gresham v. State.*[6]

---

[3] *Arnold v. State,* 260 Ga. App. 287, 288 (581 SE2d 601) (2003).
[4] *Cantrell v. State,* 230 Ga. App. 693, 695 (1) (498 SE2d 90) (1998).
[5] *Smith v. State,* 236 Ga. App. 122, 123 (1) (511 SE2d 223) (1999).
[6] *Gresham v. State,* 246 Ga. App. 705, 707 (2) (541 SE2d 679) (2000).

In reaching its conclusion, the dissent relies heavily on testimony that: (1) Lowery looked shocked when Williams pulled out his gun and (2) Lowery was silent during the robbery. Our standard of review, however, requires this Court to view the evidence in the light most favorable to the verdict, not most favorable to the defendant, and as long as there is some competent evidence to support each fact necessary to make out the State's case, the verdict must be affirmed. *Arnold,* supra.

2. For the first time on appeal, Lowery now contends that he perjured himself at trial, that the robbery did in fact happen in his presence, and that he was a mere bystander. Asking this Court to look past his perjury, Lowery now argues that he "had no prior knowledge of, and was in fact surprised by," his co-defendant's robbery of the victims. Fatal to Lowery's argument on appeal, however, is the fact that Lowery did not present this hypothesis of innocence to the jury.

During trial, Lowery did not set forth the defense that he did not know that Williams was going to rob Moore and Kegler. Both Moore and Kegler did testify that Lowery looked shocked when Williams pulled out his gun. However, Lowery testified explicitly and unequivocally at trial, as did Williams, that the crime never occurred at all. The defendants testified at length that they never came into contact with Moore or Kegler on the day of the crime, that they did not rob the men, and that Moore had concocted the whole story because there was bad blood between Moore and the defendants stemming from drug dealings and Williams's involvement with Moore's former girlfriend.

The question placed before the jury was one of pure credibility — whether, as the victims testified, a robbery had occurred, or whether, as the defendants testified, the robbery was fiction, concocted by Moore for purposes of revenge. There can be no doubt that the jury found that Lowery was lying about the robbery based on their verdict. This determination of Lowery's dishonesty, in turn, allowed the jurors to reject any evidence that Lowery was "surprised" by the robbery as erroneous. This Court cannot look behind this conclusion.

3. The bottom line in this case is that the jury's determination was made based on their assessment of credibility. "The question of [Lowery's] guilt rests largely on [his] credibility, which was for the jury to decide." *Coley v. State.*[7] "The credibility of the witnesses and the weight to be given the evidence are the sole province of the jury." (Punctuation omitted.) *Gaston v. State.*[8] "A jury in arriving at a con-

---

[7] *Coley v. State,* 220 Ga. App. 468, 470 (1) (469 SE2d 513) (1996).
[8] *Gaston v. State,* 257 Ga. App. 480, 482 (1) (571 SE2d 477) (2002).

clusion upon disputed issues of fact may believe part of the testimony of a witness or witnesses, and reject another part. Where a defendant's statements are not consistent with and do not explain other direct and circumstantial evidence, the defendant's explanation may be rejected by the trier of fact." *Kilgore v. State.*[9]

After considering all the evidence, the jury clearly decided that Lowery could not be believed. As an appellate court, it is not our role to reweigh this evidence and substitute our judgment for that of the jury. Beyond that, we should not allow the appellant to assert on appeal a defense which he not only did not present at trial but also rejected in favor of a defense advanced in conjunction with a co-defendant whose guilt he now acknowledges.

Even if all of the evidence had been circumstantial and Lowery had asserted at trial the theory of innocence he now advances on appeal,

> [i]t is well settled that in an entirely circumstantial case, the question whether there is a reasonable hypothesis favorable to the accused is the jury's province. Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and finds beyond a reasonable doubt that there is no reasonable hypothesis other than guilt. The appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law. The appellate courts have no yardstick by which to ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of 12 jurors of rational mind. Moreover, in every case the jury is the arbiter of credibility including as to the defendant's explanation, and the jury is the body which resolves conflicting evidence, and where the jury has done so, the appellate court cannot merely substitute its judgment for that of the jury.

(Citations and punctuation omitted.) *Giles v. State.*[10] If this Court has been extremely reluctant to substitute its judgment for that of the jury when the evidence is wholly circumstantial, how much more reluctant should we be where a defendant argues on appeal a theory of innocence which he did not assert at trial.

*Judgment affirmed. Smith, C. J., Andrews, P. J., Ruffin, P. J., Miller and Ellington, JJ., concur. Phipps, J., dissents.*

---

[9] *Kilgore v. State*, 177 Ga. App. 656, 658 (1) (340 SE2d 640) (1986).
[10] *Giles v. State*, 211 Ga. App. 594, 595 (1) (440 SE2d 48) (1993).

PHIPPS, Judge, dissenting.

Because I find that the evidence was insufficient to prove that Demetrie Lowery was a party to the crimes committed by Octavious Williams, I respectfully dissent.

Mere presence at the scene of the crime, even coupled with knowledge and approval, is not sufficient to convict a defendant of being a party to the crime.[11] Nor is evidence of presence during the crime coupled with flight sufficient to sustain a conviction.[12] Even if the evidence presented at trial creates a grave suspicion that a defendant may be guilty of the charged crimes, suspicion will not sustain a conviction.[13]

The evidence against Lowery, considered in the light most favorable to the prosecution, showed that he was present during the robbery, that he left the scene at the same time as Williams, and that he was found with Williams some time after the robbery. The evidence also showed that Lowery flagged his cousin down prior to the robbery. There was, however, no direct evidence that Lowery intentionally aided and abetted Williams in the commission of the crimes. Although criminal intent can be inferred from presence, conduct, and companionship before and after the offense,[14] the facts supporting a conviction based on circumstantial evidence must exclude every other reasonable hypothesis save that of the guilt of the accused.[15] "And while the jury generally determines whether every other reasonable alternative but guilt has been excluded, we must not be blinded by a verdict when a reasonable hypothesis of innocence appears from the evidence or lack thereof, and may declare such as a matter of law."[16]

Here, the victims of the armed robbery testified that Lowery looked shocked when Williams pulled out his gun. They also testified that Lowery did not say anything to either of them while Williams held the gun. The evidence presented at trial did not exclude the reasonable hypothesis that when Lowery happened to see his cousin riding down the road, he stopped him only for a conversation during which he asked for $20 and had no prior knowledge of, and was in fact surprised by, Williams's subsequent actions. Thus, Lowery's con-

---

[11] *Cummings v. State*, 227 Ga. App. 564, 566 (489 SE2d 370) (1997).

[12] See *Moore v. State*, 255 Ga. 519, 521 (1) (340 SE2d 888) (1986) (evidence of motive, presence, and flight were not sufficient to sustain conviction).

[13] *Ridgeway v. State*, 187 Ga. App. 381, 383 (370 SE2d 216) (1988).

[14] *Watson v. State*, 214 Ga. App. 645 (448 SE2d 752) (1994).

[15] OCGA § 24-4-6; see also *Willis v. State*, 214 Ga. App. 659, 660 (1) (448 SE2d 755) (1994) (in a criminal case, circumstantial evidence is worth nothing if the circumstances are reasonably consistent with the hypothesis of innocence as well as the hypothesis of guilt).

[16] (Citation and punctuation omitted.) *Grant v. State*, 227 Ga. App. 243, 245 (488 SE2d 763) (1997).

660

victions for armed robbery are unsupportable as a matter of law and should be reversed.[17]

The majority takes the position that there was both direct and circumstantial evidence of Lowery's guilt and that, as a result, the circumstantial evidence rule does not apply. I disagree with the majority's conclusion, but "even if it can be said that there was some direct evidence that [Lowery] was a party to the crimes, that does not negate the fact that there is a reasonable hypothesis that [Lowery] was not a party to the crimes."[18] The state's burden of proof does not change because the evidence presented is direct rather than circumstantial. Direct evidence, as well as circumstantial evidence, "must establish guilt beyond a reasonable doubt and exclude every reasonable theory of innocence if a conviction is to be obtained."[19]

DECIDED NOVEMBER 21, 2003 —
RECONSIDERATION DENIED DECEMBER 12, 2003 — ▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Brimberry, Kaplan & Brimberry, A. Lee Hayes,* for appellant.
Demetrie Lowery, *pro se.*
*Kenneth B. Hodges III, District Attorney, Leisa G. Terry,* for appellee.

[17] See id.; see also *Moore,* supra.
[18] *Walsh v. State,* 269 Ga. 427, 432 (499 SE2d 332) (1998) (Sears, J., dissenting).
[19] *Mims v. State,* 264 Ga. 271, 273-274 (2) (443 SE2d 845) (1994) (Hunt, C. J., concurring); see also *Stubbs v. State,* 265 Ga. 883, 887 (463 SE2d 686) (1995) (Fletcher, P. J., concurring specially) ("the state must prove the defendant's guilt beyond a reasonable doubt and the state's evidence must exclude all reasonable theories of innocence whether the evidence is direct, circumstantial, or both").
[1] The plaintiffs are Richard Johnson, Franklin Drummer, Judson Ruffin, Stephen Gaines, and Leroy Johnson. They brought this suit individually and in their capacity as deacons.