**THIRD DIVISION**
**MILLER, P. J.,**
**RAY and BRANCH, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 27, 2013**

# In the Court of Appeals of Georgia

A12A2173. JONES v. THE STATE.

BRANCH, Judge.

On appeal from his conviction for aggravated assault, criminal damage to property, and other crimes, Christopher Jones argues that the evidence was insufficient as to the charge of criminal damage to property and that the trial court erred when it denied his motion for mistrial concerning the State's failure to provide him with exculpatory evidence. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the

prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on the early afternoon of February 4, 2006, the victim was babysitting a friend's child when Jones, who was the victim's boyfriend at the time, became angry and hit her, first with his fists and then with a handgun. Later that evening, Jones returned to the victim's house and was talking to her when two other friends of the victim knocked on her door. Jones, who was wearing a dark shirt, fled through the back door. Moments later, the victim and her friends, who had entered the house, heard gunshots outside. The male friend looked out the window and saw a figure in a dark shirt firing a handgun at his car. Thirteen nine-millimeter casings were recovered at the scene. Jones was charged with aggravated assault, battery, criminal damage to property in the second degree, and possession of a firearm during the commission of a crime.

Before trial, the victim notified the prosecutor that she wanted to drop the charges against Jones and drafted a dismissal of warrant to that effect. The prosecutor sent Jones an email telling him of the victim's "hesitance to prosecute." At trial, and after asking whether the victim "want[ed] to be here today," Jones's attorney raised

2

the subject of the victim's attempt to dismiss the charges. At the conclusion of the victim's testimony, Jones moved for a mistrial on the ground that he should have been provided with the victim's draft dismissal before trial. After confirming for the record that Jones's attorney had already elicited testimony from the victim about the attempted dismissal, and after allowing Jones to see a copy of the draft dismissal, the trial court denied the motion.

The owner of the car testified that the bullets caused at least $4000 in damage. At the conclusion of the State's case, Jones moved for a directed verdict on the criminal damage to property count for lack of evidence that he had been identified as the person who shot at the car. The trial court denied the motion. After a jury found Jones guilty on all counts, he was convicted and sentenced to 17 years with 7 to serve.

1. Jones argues that the evidence is not sufficient to sustain his conviction for second-degree criminal damage to property. We disagree.

This victim testified that Jones was wearing a dark shirt when he fled through the back door after hearing the knock of the victim's friends, and the male friend testified that moments later, he saw a man in a dark shirt shooting at his car parked outside the victim's house. This evidence that Jones is the person who shot at the male friend's car was circumstantial, but it does not necessarily follow that it was

3

insufficient to sustain Jones's conviction. As we commented in another case involving a shooting that caused damage to a car:

> "[I]n an entirely circumstantial case, the question whether there is a reasonable hypothesis favorable to the accused is the jury's province. Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and finds beyond a reasonable doubt that there is no reasonable hypothesis other than guilt. The appellate court will not disturb that finding, unless the verdict of guilty is insupportable as a matter of law. The appellate courts have no yardstick by which to ordinarily determine what in a given case is a reasonable hypothesis, save the opinion of 12 jurors of rational mind. Moreover, in every case the jury is the arbiter of credibility including as to the defendant's explanation, and the jury is the body which resolves conflicting evidence, and where the jury has done so, the appellate court cannot merely substitute its judgment for that of the jury."

*Giles v. State*, 211 Ga. App. 594, 595 (1) (440 SE2d 48) (1993), quoting *Adams v. State*, 187 Ga. App. 340, 344 (1) (370 SE2d 197) (1988).

Under these facts, including the evidence outlined above, the question whether circumstantial evidence as to the shooter's identity excluded every reasonable hypothesis other than Jones's guilt was for the jury. As the guilty verdict is supportable as a matter of law, we will not substitute our judgment for the jury's as to it. *Giles*, 211 Ga. App. at 595-596 (1) (evidence that defendant had been in

4

restaurant and was seen in parking lot, that gunshots were fired, that victim's car damaged, and that defendant later offered to pay for damage, was sufficient to sustain conviction for second-degree criminal damage to property even when lab tests could not establish that bullets damaging the car came from defendant's gun); OCGA § 16-7-23 (a) (1) (defining second-degree criminal damage to property as intentionally causing damage in excess of $500); *Jackson*, supra.

2. Jones also argues that the trial court violated *Brady v. Maryland*, 373 U. S. 83, 87 (83 SC 1194, 10 LE2d 215) (1963), when it denied his motion for a mistrial based on the State's failure to provide him with the victim's draft dismissal of the warrants against him before trial. We disagree.

The record shows that Jones's attorney introduced the subject of the victim's efforts to drop the case against him in the course of his cross-examination of her. The record also shows that Jones objected to the State's failure to produce the draft dismissal not on *Brady* grounds, but under the Georgia Criminal Discovery Procedure Act, OCGA § 17-6-1 et seq.

Because Jones failed to raise his *Brady* objection at trial, he has waived it on appeal. *Jones v. State*, 258 Ga. 249, 250 (6) (368 SE2d 313) (1988). Even if he had preserved the issue, moreover, and although the document itself is not in the record,

5

Jones's attorney introduced the subject of a dismissal, and the victim confirmed that she had gone to the district attorney in an attempt to drop the case. Only after these events did Jones insist that the draft dismissal itself be produced. Under these circumstances, when Jones cross-examined the victim concerning her attempt to drop the charges against him and was provided with the draft dismissal at trial, there was no *Brady* violation. "*Brady* is not violated when the *Brady* material is available to defendants during trial." (Citations and punctuation omitted.) *Floyd v. State*, 263 Ga. App. 42, 43 (587 SE2d 203) (2003). It follows that the trial court did not abuse its discretion when it denied Jones's motion for mistrial.

*Judgment affirmed. Miller, P. J., and Ray, J., concur.*