**FOURTH DIVISION**
**DILLARD, P. J.,**
**RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 21, 2020**

# In the Court of Appeals of Georgia

A20A1348. MOORE v. THE STATE.

RICKMAN, Judge.

Lawrence Moore was tried by a jury and convicted of aggravated assault (family violence)[1] and battery (family violence).[2] On appeal, Moore contends that the evidence was insufficient to sustain his convictions and that the trial court abused its discretion by prohibiting a witness from testifying at Moore's trial. For the following reasons, we affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the

---

[1] OCGA § 16-5-21 (a) (2) and (i).

[2] OCGA § 16-5-23.1 (a) and (f) (2).

evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Johnson v. State*, 340 Ga. App. 429, 430 (797 SE2d 666) (2017).

So viewed, the record shows that Moore and the victim were married and had three children. After being married for over ten years, the victim testified that she decided that the marriage was over and expressed to Moore that while she did not want to separate for the sake of the children, she no longer wanted to have sex with Moore or "act like a married couple."

One morning, as the victim was waking, Moore got on top of her and, she alleged that Moore engaged in non-consensual sexual intercourse with her. The victim testified that she struggled and screamed during the incident, and that Moore "put his hand around my throat to point where I couldn't breathe, and I felt myself kind of losing consciousness." As the victim tried to get Moore's hand off of her throat, the victim "screamed again, and he hit me across the side of my face." The victim testified that she thought that Moore was going to kill her.

The victim was wearing a mouth guard and she started gagging on it. After telling Moore that she thought she was going to throw up, the victim went to the bathroom. Eventually the victim left to go to her sister's house. After telling her sister about the assault, her sister took her to the hospital. The victim was concerned about her jaw because she was not able to close it completely and it was still "stinging."

A registered nurse examined the victim and testified that she noted some redness, abrasions, and bruising on her left cheek and neck. The victim had a contusion underneath her tongue that the nurse testified could have been caused by wearing a mouth guard during the assault. An emergency room physician testified that the victim's injuries to her neck "would be consistent with a strangulation-type injury" and that the injuries to her face would be consistent with being struck by a hand. An investigator with the Barrow County Sheriff's office took photographs of the victim's injuries and those photographs were introduced at trial. Moore admitted that he put his hands on the victim's throat, but he claimed that the victim put his hands around her neck while they were having sexual intercourse and told him to choke her.

Moore's wife from a previous marriage testified at trial as an other acts witness that Moore had abused her during their marriage, and that on one specific occasion, he "grabbed [her] neck and he choked [her] and [she] lost consciousness."

A grand jury returned an indictment charging Moore with one count of rape, two counts of aggravated assault (family violence), and one count of battery (family violence). In 2012, Moore was tried by a jury and convicted of all of the charges. Moore filed a motion for new trial that was granted by the trial court in a summary order. The State appealed and this Court, in an unpublished opinion, interpreted the trial court's order granting a new trial as one entered on the general grounds and affirmed. *State v. Moore*, Case No. A15A2388, p. 5-7 (decided February 4, 2016) (unpublished opinion). Moore was re-tried and convicted of aggravated assault (family violence) and battery (family violence).[3] Moore filed a timely motion for new trial which was denied by the trial court.

1. Moore contends that the evidence was insufficient to sustain his convictions. We disagree.

(a) Aggravated assault (family violence).

---

[3] Moore was acquitted of rape and another count of aggravated assault.

The indictment charged Moore with aggravated assault (family violence) by "mak[ing] an assault upon the [victim], said accused's wife, with his hand, an object which when used offensively against a person is likely to result in serious bodily injury by grabbing said victim's neck and strangling her[.]" See OCGA § 16-5-21 (a) (2) (defining aggravated assault); OCGA § 16-5-21 (i) (explaining the sentencing enhancement if a defendant commits an aggravated assault on a present spouse).

When reviewing the evidence we are reminded that,

> [t]he credibility of the witnesses and the weight to be given the evidence are [in] the sole province of the jury. . . . A jury in arriving at a conclusion upon disputed issues of fact may believe part of the testimony of a witness or witnesses, and reject another part. Where a defendant's statements are not consistent with and do not explain other direct and circumstantial evidence, the defendant's explanation may be rejected by the trier of fact.

(Citations and punctuation omitted.) *Lowery v. State*, 264 Ga. App. 655, 657-658 (3) (592 SE2d 102) (2003).

The victim testified that, while they were married, Moore put his hands around her throat and choked her, the victim's doctor and nurse testified about the victim's visible injuries to her neck, and photographs were introduced of those injuries. The defendant admitted to putting his hands around the victim's throat and the jury was

5

authorized to reject his explanation that the victim was the one who placed his hands on her throat. Accordingly, the evidence was sufficient for the jury to find Moore guilty of aggravated assault (family violence). See *Jones v. State*, 294 Ga. App. 564, 566 (1) (669 SE2d 505) (2008); *Alvarado v. State*, 257 Ga. App. 746, 747-748 (1) (572 SE2d 18) (2002).

(b) Battery (family violence).

The indictment charged Moore with battery (family violence) by "caus[ing] visible bodily harm to the [victim], [Moore's] wife, by striking her[.]" See OCGA § 16-5-23.1 (a) (defining battery); OCGA § 16-5-23.1 (f) (1) and (2) (defining family violence battery and the sentencing enhancement when convicted of family violence battery).

The victim testified that Moore struck her across the side of her face and a nurse testified that there was visible bruising and redness to the victim's cheek. An emergency room doctor testified that those visible injuries would be consistent with being struck by a hand. Photographs of these injuries were introduced at trial. Accordingly, the evidence was sufficient to convict Moore of battery (family violence). See *Walker v. State*, 315 Ga. App. 821, 824 (728 SE2d 334) (2012); *Buice v. State*, 281 Ga. App. 595, 596 (1) (636 SE2d 676) (2006).

6

2. Moore contends that the trial court abused its discretion by prohibiting a witness from testifying at Moore's trial. Again, we disagree.

"The admission of evidence lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." (Citation and punctuation omitted.) *Flannigan v. State*, 305 Ga. 57, 62 (3) (823 SE2d 743) (2019). "A witness may be impeached by disproving the facts testified to by the witness." OCGA § 24-6-621. The use of extrinsic evidence to impeach a witness by contradiction, however, is not unlimited. See *Corley v. State*, __ Ga. __ (3) (840 SE2d 391) (2020). "It is within a trial court's discretion to determine if a party is improperly attempting to use extrinsic evidence to impeach a witness by contradiction under OCGA § 24-6-621 on a matter collateral to the relevant issues at trial." Id.

During the trial, trial counsel proffered that he received a phone call from one of the victim's friends who stated that it was common knowledge that the victim was having an affair. Trial counsel wished to call her as a witness to impeach the victim's testimony that she was not having an affair.

The trial court heard the friend's testimony outside of the presence of the jury in order to determine its admissibility. The friend testified that it was common knowledge that the victim was having an affair, and that she knew about the affair

because on one particular occasion, she had observed "lingering touches" between the victim and the person with whom she was allegedly having an affair. The friend asked the victim how long "that [had] been going on" and the victim replied "a while." This conversation took place approximately seven years prior to the assault.

The trial court excluded the friend's testimony after finding that "[w]hether or not [the victim] had or did not have any affair . . . has nothing to do with this case" and concluding that the testimony was too remote and speculative.

We find that the trial court did not abuse its discretion when it excluded the extrinsic evidence in this case of the alleged affair because it was speculative and had no bearing on whether Moore assaulted the victim. *Corley v. State*, __ Ga. __ (840 SE2d 391) (2020).

*Judgment affirmed. Dillard, P. J., and Brown, J., concur.*